THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ALFRED PENNA, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered March 28, 1975, convicting defendant, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment not to exceed five years. On December 18, 1973, defendant was indicted for the crimes of criminal sale of a controlled substance in the fifth degree (Penal Law, § 220.34, subd 1, par [c]) and criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09, subd 10). Said indictment arose out of an alleged incident in the Town of Erin, Chemung County, on November 9, 1973 wherein defendant, knowingly and unlawfully, sold a controlled substance, to wit, marijuana, to one Charles Campbell and one Anthony Redfield and possessed more than one ounce of a substance containing marijuana. Following the denial of his motion to suppress the evidence obtained through eavesdropping and search warrants, defendant ultimately pleaded guilty to criminal sale of a controlled substance in the fifth degree in full satisfaction of the indictment, and he was thereafter sentenced as noted above. On this appeal, defendant initially contends that the facts alleged in support of the eavesdropping warrant were insufficient

to establish probable cause for the issuance thereof. We disagree. Involved here is a wiretap on a certain telephone located in the residence of three named individuals allegedly engaged in illegally trafficking in drugs, and, pursuant to CPL 700.15, an eavesdropping warrant covering that telephone could issue only: "2. Upon probable cause to believe that a particularly described person is committing, has committed, or is about to commit a particular designated offense; and 3. Upon probable cause to believe that particular communications concerning such offenses will be obtained through eavesdropping". Moreover, since the affidavit of Investigator Crowley of the Bureau of Criminal Investigation in support of the warrant was based in part on hearsay information from undisclosed informants, such information could constitute probable cause only where the trustworthiness of both the informants and their information were established by facts and circumstances alleged in the affidavit *(Aguilar v Texas,* 378 US 108; *People v Hanlon,* 36 NY2d 549). In this instance, we find that these various statutory and case law requirements have been fulfilled. With regard to the reliability of the confidential informants, the affiant stated that information received from them in the past had resulted in convictions for drug violations. Additionally, the affiant personally observed one informant making arrangements via the telephone to be tapped which, when carried out, resulted in illegal sales of controlled substances. While providing further corroboration for the reliability of the informants, these independent observations also amply supported the conclusion that their present information, relating to a large scale illegal drug operation at the residence in question, was worthy of belief. Similarly, these circumstances were sufficient to establish probable cause to believe that the individuals named in the warrant were engaged in the ongoing illegal operation at their residence and utilizing the telephone in question to conduct their business, thus satisfying the conditions in CPL 700.15 (subds 2, 3) for the issuance of an eavesdropping warrant. Defendant's further contentions, that the application for the eavesdropping warrant failed to show that normal investigative procedures were inadequate as required under CPL 700.15 (subd 4) and CPL 700.20 (subd 2, par [d]) and that he was entitled to an evidentiary hearing on his argument that said application contained perjurious statements, are likewise without merit. As alleged in the affidavit, the telephone in question was located in an isolated dwelling amid rugged terrain in an extremely rural setting, and, such being the case, one could reasonably conclude that normal investigative techniques, including the use of surveillance, search warrants, and informants, would likely have been inadequate in gaining information as to others involved in the drug sales and in exposing the entire operation (cf. *United States v Pacheco,* 489 F2d 554, cert den 421 US 909). Likewise, an evidentiary hearing was not required because defendant challenges as perjurious statements by the affiant which were clearly neither factual nor false, but merely his personal opinions as to the efficacy of certain investigative procedures in the present situation. In conclusion, we would note that the amendment of the eavesdropping warrant to include defendant's name was not untimely because the inculpatory conversation intercepted was between defendant and a named suspect and, therefore, no amendment was necessary *(People v Gnozzo,* 31 NY2d 134). Also, the subsequent search warrant, based largely upon information obtained pursuant to the valid eavesdropping warrant, was likewise valid, and no extraordinary circumstances are presented to justify our disturbance of the sentence imposed *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861), particularly since defendant could have received a maximum term of

15 years upon his class C felony conviction (Penal Law, § 70.00, subd 2, par [c]). We have examined defendant's remaining contentions and find them to be without substance. Judgment affirmed. Koreman, P. J., Kane, Main, Herlihy and Reynolds, JJ., concur.