■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOSEPH CAMPBELL, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered July 10, 1975, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree and sentencing him to a term of imprisonment of not more than five years. Defendant raises four issues on this appeal, viz., (1) the court erred in denying defendant's motion to suppress evidence obtained by eavesdropping warrants and a search warrant, (2) the court erred in denying defendant's motion to dismiss the indictment on the ground that the trial evidence was not legally sufficient to establish the offense charged, (3) the court erred in admitting into evidence the People's Exhibits Nos. 15 and 21-A, and (4) the sentence imposed was excessive and unduly harsh. We find no merit in defendant's claims. The eavesdropping warrants, the search warrant and the supporting papers are exactly the same as this court considered in *People v Penna* (53 AD2d 941). We hold that the facts alleged in support of the eavesdropping warrants and the search warrant were sufficient to establish probable cause for the issuance thereof for the reasons set forth in *People v Penna (supra).* The record contains sufficient evidence to establish commission of the offense charged. Defendant points to his testimony that he did not know any marijuana was on the premises and that he had no marijuana in his possession or under his control. Defendant's testimony was in sharp conflict with the testimony of Investigators Crowley and Padula. The jury resolved the conflict in the testimony in favor of the People. It is within the province of the jury to determine which of the conflicting testimony they believe *(People v White,* 2 NY2d 220). The trial court did not err in denying defendant's motion to dismiss the indictment. The trial court did not err in admitting into evidence transcripts of taped telephone conversation, represented by People's Exhibits Nos. 15 and 21-A. The record discloses that the transcripts were admitted for the limited purpose of aiding the jury in understanding the tapes when played. The jury was not allowed to use the transcripts in its deliberations. The trial court's procedure is supported by precedent *(People v Feld,* 305 NY 322). Defendant was convicted of a class C felony subjecting him to a maximum sentence of 15 years (Penal Law, § 70.00, subd 2, par [c]). We are unable to conclude, as urged by defendant that under the circumstances the sentence of imprison-

ment for a term not to exceed five years was unduly harsh and excessive. The matter of sentencing rests within the sound discretion and judgment of the sentencing court and should be disturbed only under extraordinary circumstances *(People v Perry,* 52 AD2d 963). We find no abuse of discretion in imposing sentence herein. Judgment affirmed. Kane, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.