THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SIMON KUSS, Appellant.

Fourth Department, July 9, 1981

APPEARANCES OF COUNSEL

*McGraw & Wegerski (Joseph Fahey* of counsel), for
appellant.

*Richard A. Hennessy, Jr.,* District Attorney *(John La-
Paro* of counsel), for respondent.

MOULE, J.

Defendant was convicted of two counts of promoting gambling in the first degree and eight counts of promoting gambling in the second degree. The prosecution proved at trial that defendant was conducting a bookmaking operation in which bets on regularly scheduled sporting events were placed over the telephone of Donna LaFleur. The Syracuse Police Department installed a wiretap on La-Fleur's phone from October 3, 1977 to October 31, 1977, and monitored calls at different intervals throughout this period.

At trial, 18 witnesses testified for the prosecution and 10 tape recordings, consisting of approximately 30 hours of telephone conversations, were received in evidence. The prosecution also produced transcripts of the tapes that had been prepared by the investigating officer in charge of the case, with the aid of other officers. Over defendant's objection, the trial court ruled that transcripts of the tapes were admissible for the limited purpose of aiding the jurors in listening to the tapes and calculating the number of wagers and determining the dollar amounts.

During the trial, the court stated that, after listening to three of the tapes, it had yet to find any discrepancy with the transcripts, and that it was satisfied with their accuracy. Defendant did not show any inaccuracies in the transcripts at trial, and the officer who prepared them was extensively cross-examined as to the circumstances under which they were prepared. The court carefully cautioned the jury that the real evidence was the tapes, not the transcripts; that the transcripts were only an aid to understanding the tapes; and that, if a discrepancy was found between the tapes and the transcripts, reliance should be placed upon what was heard on the tapes. Although the court allowed the jurors to use the transcripts as an aid while listening to the tapes, it took them back after the tapes had been played.

The court also ruled, over defendant's objection, that the jury could use the transcripts during its deliberations. In its charge to the jury the court stated that the transcripts

were received in evidence as an aid to the jury for its deliberations; that it was important to remember that the tapes were the primary evidence, not the transcripts; that, if the transcripts and tapes differed, the words on the tapes must be used and a request should be made to replay that part of the tapes where they differed; and that the identity of the voices on the tapes was a question of fact for the jury to decide. During its deliberations, the jury returned to the courtroom and the court, at the jury's request, did replay certain portions of the tapes.

On appeal, defendant contends that the trial court erred in allowing the jury to use the tape transcripts during deliberations.

It has long been the rule in New York that the jury may use transcripts as an aid to understanding recorded conversations when there is sufficient proof as to the accuracy of the transcripts *(People v Feld*, 305 NY 322, 331-332; *People v Campbell*, 55 AD2d 688; *People v O'Keefe*, 281 App Div 409, 412, affd 306 NY 619). The determination as to the admissibility of transcripts is generally left to the discretion of the trial court and usually depends upon the accuracy of the transcripts and whether the tapes are audible enough to be understood *(People v Lubow*, 29 NY2d 58, 68; *People v Feld, supra; People v Mincey*, 64 AD2d 615).

Whether or not certain material may be used by a jury during deliberations is governed by CPL 310.20 (subd 1) which provides:

"Upon retiring to deliberate, the jurors may take with them:

"1. Any exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take".

 While the courts of New York have not specifically addressed the practice of allowing the jury to use tape transcripts during deliberations, we find no error in this case. Here, the transcripts had been received in evidence as provided for in CPL 310.20 (subd 1). The circumstances under which the transcripts were made and the persons

responsible for them were subject to extensive cross-examination (see *People v Bouton*, 50 NY2d 130, 137). The tapes were audible enough to be understood and defendant was unable to point out any inaccuracies, either during the trial or on appeal. Finally, the trial court was very careful to give specific instructions both at the time the tapes were being played and in its charge before deliberations that the real evidence was the tapes and not the transcripts. It further stated at both times that the transcripts were only an aid and that, if the jury detected a discrepancy between the tapes and the transcripts, it should rely upon the tapes.

The position taken here has been adopted in a number of Federal cases *(United States v Rindone*, 631 F2d 491, 495-496; *United States v Dorn*, 561 F2d 1252, 1257; *United States v Lam Lek Chong*, 544 F2d 58, 71, cert den *sub nom. Liganoza v United States*, 429 US 1101; *United States v Turner*, 528 F2d 143, 168, cert den *sub nom. Lewis v United States*, 423 US 996, *sub nom. Hackett v United States*, 429 US 837; *United States v Bryant*, 480 F2d 785, 790-791; *United States v Carson*, 464 F2d 424, 436-437, cert den 409 US 949; *United States v Koska*, 443 F2d 1167, 1169, cert den 404 US 852).

Defendant's reliance upon *People v Campbell* (55 AD2d 688, *supra)* to support the contention that jurors may not utilize tape transcripts during deliberations is misplaced. The court, in *Campbell*, did not hold that such a procedure was in error; it merely stated that the jury in that case had not used tape transcripts during deliberations.

Defendant also contends that there was error in that the trial court coerced the jury to reach a verdict with its supplemental instructions by threatening an individual juror and giving the impression that a verdict must be reached.

■ The trial court was informed by a note from the jury that one juror felt the law was wrong. Consequently, the court was justified in admonishing the jurors to deliberate in accordance with their sworn oaths *(People v Pagan*, 45 NY2d 725, 726-727; *People v Faber*, 199 NY 256, 259) and, accordingly, that they must follow the court's instructions on the law *(People v Boulware*, 29 NY2d 135,

141-142; *People v Conklin*, 175 NY 333, 339-340). Defendant failed to object to what he now claims is coercion. Even so, the court was justified under the circumstances in asking the jury to exert its best efforts in renewing deliberations and to "continue the good work" *(People v Pagan, supra; People v Faber, supra).*

Finally, defendant contends that he was prejudiced when the prosecutor, in summation, repeatedly expressed his personal opinion of defendant's guilt and referred to the findings of the Grand Jury.

The prosecutor's remarks with respect to defendant's guilt were comments on the evidence in the case and were proper. While the prosecutor's comment which implied that the indictment indicated the importance of the case was improper, the trial court in its charge to the jury stated that the indictment was merely an accusation and does not constitute any evidence against the defendant. Consequently, any prejudice to the defendant was vitiated by the court's instructions *(People v Safian*, 46 NY2d 181, 190, cert den *sub nom. Miner v New York*, 443 US 912; *People v Broady*, 5 NY2d 500, 516).

Accordingly, defendant's conviction should be affirmed.

DILLON, P. J., CALLAHAN, DOERR and SCHNEPP, JJ., concur.

Judgment unanimously affirmed.