■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY WARNER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 28, 1985, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In May 1984, Ovis Sprigs was arrested on charges of bur-

glary, petit larceny and possession of marihuana. Subsequently, he agreed to act as an informant in exchange for dismissal of the charges. On two occasions in May 1984, Sprigs was directed by police officers to attempt to purchase cocaine from defendant. Sprigs was wired with a body transmitter and was provided with cash for the transaction. On both occasions Sprigs was successful in purchasing cocaine from defendant or a codefendant. Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. After a jury trial, he was found guilty as charged and sentenced to concurrent indeterminate terms of imprisonment of 8⅓ to 25 years. This appeal by defendant ensued.

Defendant's primary contention on appeal deals with the introduction of tapes of the alleged drug transactions which were obtained by use of the body transmitter. County Court determined that the tapes were audible and admissible and also admitted transcripts of the tapes prepared by the prosecutor and police officers as an aid to the jury in understanding the tapes. A tape must be excluded from evidence where it is so unintelligible that a jury is left to speculate as to its contents *(People v Sacchitella,* 31 AD2d 180). Audibility of tape recordings is a preliminary question to be decided in the trial court's discretion *(People v Lubow,* 29 NY2d 58, 63). Where a court stenographer has been able to transcribe a tape, such fact has been held to be evidence that the tape is audible and admissible *(see, id.; People v Weyant,* 68 AD2d 608). On the other hand, where a tape is inaudible, the fact that a participant to the conversation can transcribe it will not render the tape admissible since that individual is relying on his memory, not the actual sounds on the tape *(see, People v Mincey,* 64 AD2d 615).

In this case, we have listened to the two tapes and agree with County Court that they are audible. While it is true that the transcripts were prepared by police officers who heard the conversations, the tapes are "sufficiently audible so that independent third parties can listen to [them] and produce a reasonable transcript" *(People v Mincey, supra).*

We reject defendant's contention that County Court erred in admitting the transcripts to aid the jury in understanding the tapes. We have already held that the tapes were audible and admissible. Once the audibility of the tapes is established, it is within the trial court's discretion whether to admit transcripts as an aid to the jury *(People v Kuss,* 81 AD2d 427). Such discretion was not abused here.

We also find no error in County Court's failure to redact

any portion of the tapes. The tapes, for the most part, contain small talk engaged in while waiting for the drug transactions to be consummated. We fail to see how any of this material prejudiced defendant.

Next, County Court permitted Sprigs to testify that defendant and his codefendant approached him in the Albany County Jail and forced him to sign a false affidavit to the effect that he did not purchase cocaine from either of them. Evidence admitted to show consciousness of guilt, while admissible, is generally considered to be weak proof of the commission of a crime *(People v Marin,* 65 NY2d 741, 746). However, in this case, the evidence was not merely inconsistent with innocence, such as an attempt to flee or conceal evidence, but was an outright attempt to threaten a witness and change his testimony. Such evidence is highly probative and was properly admitted.

We have considered defendant's remaining contentions and find them without merit.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.