■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE GODLEY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered June 28, 1985, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On June 12, 1984, William "Bebe" Stapleton was arrested by Sergeant Robert E. Martin of the Village of Monticello Police on a grand larceny charge. That same day, on his own prompting, Stapleton agreed to make controlled purchases of drugs in return for consideration on his pending arrest. However, the police made no specific promises at that time. On August 4, 1984 and again on August 14, 1984, Stapleton was directed by Martin and Detective Lieutenant Daniel Hogue to attempt to purchase cocaine from defendant. In each instance, Stapleton was first searched, fitted with a body transmitter to allow the officers to both monitor and record the transactions on tape, and provided with the necessary cash for the purchase. On both occasions, Stapleton successfully purchased cocaine from defendant, which he immediately surrendered to the officers. Thereafter, defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. After a jury trial, defendant was convicted as charged and sentenced to concurrent indeterminate terms of imprisonment of 2 to 6 years. This appeal ensued.

Defendant initially maintains that the use of Stapleton as an undercover informant to target a specific individual and compensating him contingent upon the results of the investigation was police conduct so outrageous as to violate due process. We disagree. In *People v Isaacson* (44 NY2d 511), the Court of Appeals held that there may be instances of police misconduct, even in the absence of entrapment, so fundamentally unfair as to violate an accused's right to due process. Although the specific situation presented in the instant case differs from that in *Isaacson* and has not been addressed in our State courts, the question has been confronted in the Federal courts. In perhaps the leading case on point, the Fifth Circuit Court of Appeals held in *Williamson v United States* (311 F2d 441) that the use of an informer against specific individuals and the payment of a specified fee for each person implicated constituted a "contingent fee arrangement" violative of due process *(see, United States v Cervantes-Pacheco,* 800 F2d 452, 456-457; *United States v Sanchez,* 790 F2d 1561, 1564; *United States v Lane,* 693 F2d 385, 387-388; *United States v Kinkle,* 631 F Supp 423, 425-426). The Second Circuit Court of Appeals has similarly recognized that where an informant's compensation is contingent upon the successful prosecution or conviction of a pretargeted suspect, due process is offended *(see, United States v Cuomo,* 479 F2d 688, 691-692, *cert denied* 414 US 1002; *United States v Smalls,* 363 F2d 417, 420, *cert denied* 385 US 1027; *see also, United States v Persico,*

646 F Supp 752, 756). While we agree with this principle, a review of the instant record confirms that no such contingent fee arrangement was present here. Martin specifically testified that Stapleton was paid for each attempt to purchase drugs, regardless of whether he was successful. Moreover, while the police may in a sense have targeted defendant, the record shows that Stapleton was involved in at least a dozen other investigations and was not employed simply to approach defendant. Accordingly, since Stapleton's compensation was not dependent upon the police obtaining defendant's conviction, we discern no deprivation of due process.

Defendant further maintains that County Court erred in allowing the recorded tapes of the alleged drug transactions, together with the transcripts, to be received into evidence. After a hearing, County Court determined that the tapes were audible and admitted the transcripts, which were prepared by Martin, Hogue and Stapleton, for the limited purpose of assisting the jury in understanding the tapes. Having listened to the tapes in dispute, we agree with County Court that they are audible, and thus they were properly admitted notwithstanding the fact that the officers and Stapleton prepared the transcripts (see, e.g., People v Warner, 126 AD2d 788). While certain portions of the tapes are concededly unclear, the audible portions do demonstrate that defendant sold the drugs to Stapleton on both occasions. Moreover, Martin confirmed that he was familiar with defendant's voice and identified it on the tapes. Since audibility was established, and both Martin and Hogue testified as to the accuracy of the transcripts at trial, we find no abuse of discretion on County Court's part in admitting the transcripts to assist the jury (see, supra; People v Kuss, 81 AD2d 427).

Finally, defendant claims that certain improprieties occurred during the course of the trial which he acknowledges were not objected to before County Court. These contentions were not preserved for appellate review and, in any event, we perceive no need to review the objections in the interest of justice (see, CPL 470.05 [2]; 470.15 [6] [a]).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.