■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIA WATSON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman,

J.), rendered December 8, 1989, convicting defendant upon her plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was arrested on April 18, 1988 and charged with two counts of third degree criminal sale of a controlled substance. Those charges stem from two sales of heroin by defendant from her home in the City of Hudson, Columbia County, on April 4 and April 5, 1988. The Hudson police monitored and recorded the sales with a recording device placed on the informant who purchased the drugs from defendant. Defendant subsequently sought to suppress the tapes and transcripts thereof. After an audibility hearing, County Court denied the motion to suppress the tapes and defendant entered a guilty plea to both counts of the indictment. Defendant now appeals, arguing that County Court erred in denying her motion to suppress the tapes and transcripts.

We affirm. The audibility of tape recordings is a preliminary issue to be resolved in the trial court's discretion *(see, People v Lubow,* 29 NY2d 58; *People v Warner,* 126 AD2d 788). We find that the tapes at issue here, although far from a model of clarity, are sufficiently audible to support County Court's determination. Furthermore, it is also within that court's discretion to allow the use of transcripts as an assistance once audibility was established *(see, People v Norwood,* 142 AD2d 885, *lv denied* 72 NY2d 960; *People v Godley,* 130 AD2d 791, 793; *People v Kuss,* 81 AD2d 427, 429). That the transcripts were not made by an independent third party does not affect the tapes' admissibility once they are found to be audible *(see, People v Godley, supra).* This is particularly so when the transcripts themselves are not admitted into evidence *(cf., People v Gandy,* 152 AD2d 909, *lv denied* 74 NY2d 896). Accordingly, we find no abuse of discretion in County Court's determination in this regard.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.