■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WADE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 18, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not err in admitting the tape of the drug transaction between the defendant and a confidential informant. Audibility of tape recordings is a preliminary question to be decided in the trial court's discretion (see, People v Lubow, 29 NY2d 58, 68; People v Robinson, 158 AD2d 628). Even though certain portions of the tape were unclear, the audible portions demonstrated that the defendant sold the drugs to the informant, and, therefore, it was not an improvident exercise of the trial court's discretion to admit the tape (see, People v Maderic, 142 AD2d 892, 894; People v Godley, 130 AD2d 791, 793).

Further, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions, including those contentions raised in his pro se supplemental brief, and find them to be without merit. Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.