■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RANDALL, Appellant.—Appeals by the defendant from three judgments of the Supreme Court, Queens County (Naro, J.), all rendered April 21, 1989, convicting him of robbery in the first degree and criminal impersonation in the

first degree under Indictment No. 5985/87, robbery in the first degree, robbery in the second degree, and criminal impersonation in the first degree under Indictment No. 6153/87, and robbery in the first degree, robbery in the second degree, and criminal impersonation in the first degree under Indictment No. 6169/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant and another person were charged in a series of indictments with committing robberies and other crimes in both Queens County and New York County. At the outset of the pretrial hearings herein, the prosecutor reported that in the Supreme Court, New York County, it had already been determined that the police had probable cause to arrest the defendant and, therefore, that issue should not be litigated again. After the court so ruled, the defense counsel remarked that, as to the issue of probable cause to arrest, "as far as your Honor goes with that ruling, I agree". Thus, the defendant expressly waived his present claim that there was no probable cause to arrest him (see generally, People v Ford, 62 NY2d 275; People v Udzinski, 146 AD2d 245), and that any fruits of his arrest must be suppressed. Moreover, a Mapp hearing was never held and there is no record before us upon which to review the defendant's claim.

The defendant's remaining contention is without merit. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.