■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. CLINE, Appellant. [596 NYS2d 925] —Mahoney, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered March 26, 1991, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the first degree.

The conviction at issue in this appeal stems from a 3 to 4-month undercover investigation by the Mid-Hudson Drug Enforcement Task Force and State Police of drug trafficking by defendant and Richard Hummer. During the course of the investigation, an undercover investigator made several purchases of cocaine from the two at various dates throughout July and August 1990. Following an August 28, 1990 undercover purchase of 72 grams of cocaine, defendant and Hummer were arrested. A multicount indictment subsequently was handed up charging defendant with numerous counts of possession, sale and conspiracy to sell narcotics. Just prior to the commencement of jury selection, defendant pleaded guilty to criminal sale of a controlled substance in the first degree in full satisfaction of all the pending charges. Before sentencing, defendant moved to withdraw the plea on grounds of mistake and erroneous legal advice. The motion was denied and defendant was sentenced to a prison term of 15 years to life. Claiming error in, among other things, County Court's refusal to vacate the plea and to suppress inculpatory statements, evidence seized from his home as a result of search and certain tape recordings of conversations had during three drug buys, defendant now appeals.

We affirm. Defendant's initial claim of error centers around the voluntariness of inculpatory statements made by him shortly after his arrest and of a written consent executed by him during that same period authorizing a search of his home.

A review of the suppression hearing transcript reveals the presence of conflicting evidence by the police on the one hand and defendant on the other regarding the circumstances leading up to utterance of the statements and to authorization of the search. While defendant testified that these acts were involuntary because they were the result of coercion, threats and physical violence by the police, County Court credited the testimony of the police that defendant was fully advised of his *Miranda* rights prior to making any statements, understood his rights and knowingly and voluntarily waived them. Cognizant of the fact that credibility determinations made by the suppression court are to be accorded great deference *(see, e.g., People v Prochilo,* 41 NY2d 759, 761; *People v Slater,* 173 AD2d 1024, 1025-1026, *lv denied* 78 NY2d 974) and it being apparent from a review of the transcript that the court's determination is supported as a matter of law, there is no basis to disturb it *(see, People v Slater, supra; People v Ingraham,* 172 AD2d 870).

Likewise, we see no abuse of discretion in County Court's refusal to permit defendant to withdraw his plea. While undoubtedly the demonstrated presence of fraud or mistake in inducing the plea or the lack of a knowing, voluntary and intelligent plea is grounds for vacatur *(see, e.g., People v Harris,* 61 NY2d 9, 17; *People v Cance,* 155 AD2d 764; *People v Randolph,* 78 AD2d 566), nothing of this sort was established here. Defendant's request for vacatur was premised upon allegations of mistake and change of circumstances. According to defendant, he decided to plead guilty because a key witness was unwilling to come forward to substantiate his entrapment defense and he was afraid that reprisal would be visited upon his family by his cocaine supplier, David Matthews, because defendant would have to name Matthews in order to proceed with his defense. While he now claims that the witness is willing to come forward and testify in his behalf, the record is devoid of any evidence in this regard. Copies of letters from the witness to defendant contain no indication that she could or would support his claim; at best they are an apologetic acknowledgment that she unwittingly referred the undercover officer to defendant to purchase drugs. Defendant's claims of fear due to reprisal similarly are unsubstantiated. Apart from the fact that he maintained from the outset that Hummer, not Matthews, was his supplier, there is no evidence that defendant or his family was actually threatened. Finally, contrary to defendant's protestations, the record reveals that counsel thoroughly explained the relative strengths and weaknesses of

the case to defendant and the possible sentencing alternatives. While counsel candidly advised defendant of the possible exposure he faced if he went to trial, this hardly can be said to amount to coercion.

We have reviewed defendant's remaining contentions and find them to be without merit. County Court's remarks made some years earlier to Hummer in a prior proceeding "not to appear before him again" do not, standing alone, establish that his "impartiality might reasonably be questioned" (22 NYCRR 100.3 [c] [1]) as regards defendant's case such that his failure to recuse himself was an abuse of discretion *(see generally, People v Moreno,* 70 NY2d 403, 405-406). We likewise see no abuse of discretion in the court's conclusion that certain of the tape recordings were sufficiently audible to be admitted into evidence at trial. Having listened to the recordings, we conclude that while far from a model of clarity, they are sufficiently audible to support the court's determination *(see, e.g., People v Watson,* 172 AD2d 882, 883). Finally, County Court's refusal to permit defendant to raise the issue of entrapment at the suppression hearing was in all respects proper inasmuch as it was irrelevant to the issues raised (i.e., the existence of probable cause for defendant's arrest and whether he voluntarily consented to a search of his home) and, even if present, does not vitiate or negate a finding of probable cause *(cf., People v Lourdes,* 175 AD2d 958).

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.