■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN HARRIS, Appellant. [604 NYS2d 1005] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered June 30, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts).

Defendant's conviction arose out of his sale of cocaine to a police informant. On appeal, he first contends that County Court erred in admitting the cocaine into evidence because of certain discrepancies in the testimony of the People's witnesses concerning the consistency and color of the cocaine. The record, however, contains evidence of a sufficient unbroken chain of custody of the cocaine to provide reasonable assurance of the identity of the cocaine and its unchanged condition (see, People v Grant, 179 AD2d 677, lv denied 80 NY2d 831; People v Summers, 176 AD2d 905, lv denied 79 NY2d 864). Any minor discrepancies in the witnesses' description of the cocaine merely went to the weight to be accorded the evidence by the jury, not the admissibility of the evidence (see, People v Wynn, 176 AD2d 375, 377).

We also reject defendant's contention that County Court erred in admitting into evidence a tape recording of the conversation between defendant and the informant during which the drug sale was alleged to have occurred. A sufficient chain of custody of the tape was established and the informant testified as to the accuracy of the tape (see, People v Ely, 68 NY2d 520, 527-528). The tape as a whole was audible and not so indistinct that the jury had to speculate as to its contents, and that one statement was inaudible did not make the tape inadmissible (see, People v Morgan, 175 AD2d 930, 932, lv denied 79 NY2d 861).

Defendant's claim regarding the sufficiency of the evidence is lacking in merit. The jury was fully aware of the arrangement the informant had made with the authorities in exchange for his cooperation, and we see no reason to disturb the jury's assessment of the informant's credibility (see, People v Bleakley, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People (see, People v Allah, 71 NY2d 830), we conclude that there was sufficient evidence to support the verdict.

Defendant also contends that County Court erred in denying his challenge to a juror for cause based upon the juror's alleged racial animosity from his job as a correction officer. During the voir dire, the juror explained that his experiences as a correction officer had not created any animosity toward minorities, and he stated that he could be fair and impartial and render a verdict based solely upon the evidence presented at trial. In these circumstances, we see no error in County Court's ruling (see, People v Colon, 71 NY2d 410, 418-419, cert denied 487 US 1239). Nor is there any merit in defendant's final claim that his sentence of concurrent prison terms of 12½ years to life is harsh and excessive.

The judgment of conviction should therefore be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the judgment is affirmed.