■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RONNIE WILSON, Appellant. [615 NYS2d 769] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 5, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered, that the judgment is modified, on the law, by vacating the provision of the sentence requiring the defendant to make restitution in the sum of $60 to the Rockland County Narcotics Task Force; as so modified, the judgment is affirmed.

The County Court properly exercised its discretion in allowing inquiry into the fact that the defendant had prior felony and misdemeanor convictions and into the sentences imposed for those convictions while preventing inquiry into the underlying facts or nature of those crimes (see, People v Williams, 56 NY2d 236, 238-239; People v Sandoval, 34 NY2d 371; People v Winters, 194 AD2d 703; People v Tirado, 192 AD2d 755).

Upon our review of the two audiotapes recorded on October 25, 1988 and November 11, 1988, we find that the County Court properly determined that they were sufficiently audible and intelligible to be admitted into evidence (see, People v Ely, 68 NY2d 520; People v Lubow, 29 NY2d 58, 68; People v Morgan, 175 AD2d 930, 932; People v Papa, 168 AD2d 692). Even though one tape contained static and the other was inaudible in parts, the transactions between the undercover officer and the defendant or his co-conspirator were audible and, as a result, these infirmities went to the weight of the evidence and not to its admissibility (see, People v Harris, 199 AD2d 636; People v Peterson, 188 AD2d 1002; People v Watson, 172 AD2d 882; compare, People v Wilson, 182 AD2d 734). Since the tapes were audible and intelligible to third parties, the County Court properly exercised its discretion in allowing the jury to utilize transcripts prepared by the undercover officer while the tapes were played and properly instructed the jury that the transcripts were not evidence (see, People v Lubow, 29 NY2d, at 68, supra; People v Watson, supra, at 883; People v Papa, 168 AD2d, at 692, supra; People v Robinson, 158 AD2d 628; People v Carrington, 151 AD2d 687; People v Warner, 126 AD2d 788, 789).

Viewing the evidence, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). As the People correctly concede, however, at the time it imposed sentence, the County Court had no authority to require the defendant to make restitution of $60 to the Rockland County Narcotics Task Force *(see,* Penal Law § 60.27 [1], [4] [b]; *People v Rowe,* 75 NY2d 948; *People v Walker,* 182 AD2d 790; *People v Montalvo,* 178 AD2d 560), and we have therefore modified the judgment accordingly. The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.