■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. VIGO, Appellant. [618 NYS2d 227] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 5, 1993, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVANS WILLIAMS, Appellant. [618 NYS2d 224] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered July 2, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that he was denied a fair trial when the court refused to admit a police tape recording of the drug transaction which led to his conviction. The determination of whether a tape is "sufficiently audible" is a decision within the sound discretion of the trial court, and there is no evidence in this case that the court improvidently exercised this discretion (see, People v Lubow, 29 NY2d 58).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (see, People v Galloway, 54 NY2d 396; People v Martinez, 177 AD2d 600). Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.