■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SILVA, Also Known as FELIX GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX GONZALEZ, Appellant. [631 NYS2d 857] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered December 1, 1992, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 5 to 15 years, and judgment, Supreme

Court, New York County (Richard Carruthers, J.), rendered January 20, 1993, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years to run consecutively to the sentence imposed on the Bronx County conviction, unanimously affirmed.

Defendant pleaded guilty in New York County to attempted criminal sale of a controlled substance in the third degree, and was promised a sentence of probation on certain conditions, including that he commit no crimes while awaiting sentence. Some weeks later, while released on bail, he committed two armed robberies to which he pleaded guilty in Bronx County and was sentenced to prison. Thereafter, a prison sentence in the New York County case was imposed to run consecutively to the sentence in the Bronx case. Defendant's claim, raised on both appeals, that he was denied due process because he did not receive the concurrent sentences he claims he reasonably expected is unpreserved for appellate review as a matter of law, since he never moved to withdraw his pleas or to vacate the judgments of conviction (*People v Lopez*, 71 NY2d 662, 665), and we decline to review it in the interest of justice. If we were to review the claim, we would find that the New York County plea agreement provided that defendant would be subject to prison time if he violated the terms set by the court, that no promises were made whether that time would be consecutive or concurrent with any other prison sentence defendant might receive in the future, and that defendant thus could not have had any expectations that his New York County sentence would be concurrent to his Bronx sentence. Indeed, a concurrent sentence was not a permissible option for the New York County court since defendant committed the Bronx robberies while on bail and awaiting sentence in New York County and did not demonstrate any mitigating circumstances (Penal Law § 70.25 [2-b]). As for the Bronx County case, the court made it abundantly clear to defendant that it had no power to affect the sentence that had yet to be imposed in New York County, and there is thus no basis for any claim that the Bronx plea was given without an understanding of its consequences.

Defendant's claim in the New York County case that his attorney had a conflict of interest is unpreserved for appellate review as a matter of law, since he never objected on this ground at sentencing, or moved to withdraw his plea before sentencing or to vacate the judgment of conviction (*People v Lopez, supra*), and we decline to review it in the interest of justice. If we were to review it, we would find that the claim,

which might have been better developed by a postjudgment motion pursuant to CPL 440.10, has no merit on this record (*see, People v Recupero*, 73 NY2d 877, 878-879). Also unpreserved, and without merit, is defendant's claim in the Bronx County case that the concurrent sentence his codefendant received denied him equal protection. Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.