■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MITCHELL, Appellant. [632 NYS2d 291] —Peters, J. Ap-

peal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 4, 1993, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

In September 1992 and again in November 1992, State Police Investigator Michael Kealon, while wearing a concealed microphone, negotiated the purchase of crack cocaine from defendant. All conversations relating to the purchase were recorded. Subsequent to defendant's arrest and indictment, the District Attorney sought to introduce into evidence the tapes of the conversations. County Court found the taped conversations of only one of the drug buys audible and thus admitted it and the transcript of the recording, prepared by the investigator who transacted the purchase with defendant, into evidence. Defendant contends that such determinations by County Court were in error. We disagree.

It is well settled that the audibility of a tape recording is a preliminary issue to be resolved by the trial court in the exercise of its discretion (*see, People v Watson*, 172 AD2d 882). We find that while the tape was "far from a model of clarity", it was sufficiently audible to support County Court's determination (*People v Cline*, 192 AD2d 957, 959, *lv denied* 81 NY2d 1071; *see, People v Norwood*, 142 AD2d 885, *lv denied* 72 NY2d 960; *People v Godley*, 130 AD2d 791, *lv denied* 70 NY2d 750). As to the transcript, the fact that it was transcribed by the investigator who was involved in the drug buy does not necessarily render it inadmissible (*see, People v Warner*, 126 AD2d 788, *lv denied* 69 NY2d 887). Since it is within County Court's discretion to admit a transcript when it will serve as an assistance to the jury (*see, People v Watson, supra*), and the record reflects that the court instructed the jurors that the transcripts were to be used only as an aid if they found the tapes audible, we find no error.

We finally reject defendant's contention that it was error to deny a missing witness charge pertaining to the State Police informant who assisted in the investigation. There was no evidence that the informant participated in the critical conversations concerning the drug buy, that such testimony would have been relevant to the defense or that such testimony, if proffered, would have been anything other than cumulative. Accordingly, a missing witness charge was unnecessary (*see, People v Dianda*, 70 NY2d 894).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.