THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO SAGADO, Appellant. [643 NYS2d 632]

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant failed to preserve for appellate review his contentions that his statements should have been suppressed because there was no probable cause for his arrest and because the police conducted an illegal search (*see,* CPL 710.20, 710.70 [3]; *People v Rippy,* 195 AD2d 954; *People v Randall,* 187 AD2d 679, 680; *People v Chatman,* 186 AD2d 1004; *People v Jones,* 81 AD2d 22, 41-45).

The defendant's statements to the police were properly admitted into evidence since they were voluntarily made after the defendant was fully apprised of his *Miranda* rights (*see, e.g., People v Ragin,* 224 AD2d 642).

The tape recording of the defendant's statement is audible and the Supreme Court providently exercised its discretion in admitting it into evidence (*see, People v Lubow,* 29 NY2d 58, 68; *People v Mitchell,* 220 AD2d 816; *People v Williams,* 208 AD2d 662; *People v Wilson,* 207 AD2d 463, 464; *People v Wade,* 173 AD2d 662).

The Supreme Court providently exercised its discretion in determining that the People could cross-examine the defendant about his 1988 felony conviction for attempted robbery and about a 1985 felony conviction, while precluding the People from inquiring about the underlying circumstances of either

conviction or the nature of the 1985 conviction (*see, People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371, 375; *People v Roman,* 182 AD2d 519, 520).

The defendant's sentence is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.