■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARTINO, Appellant. [665 NYS2d 768] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in admitting into evidence audiotapes of conversations between defendant and a confidential informant. Upon our review of the audiotapes, we find that, while they are not "model[s] of clarity", they are sufficiently audible and intelligible to be admitted into evidence (*People v Cline*, 192 AD2d 957, 959, *lv denied* 81 NY2d 1071; *see, People v Mitchell*, 220 AD2d 813, 814, *lv denied* 87 NY2d 905; *People v Harris*, 199 AD2d 636, *lv denied* 83 NY2d 872). Further, the court properly exercised its discretion in permitting the jury to use a transcript of the audiotapes as an aid while listening to them and properly charged the jury that the transcripts are not evidence (*see, People v Wilson*, 207 AD2d 463, *lv denied* 84 NY2d 911; *People v Ashford*, 190 AD2d 886, 888, *lv denied* 81 NY2d 1069).

There is no merit to the contention of defendant that reversal is required because the court reporter failed to transcribe the audiotapes while they were played to the jury. The text of played audiotapes is not required to be transcribed (*see,* Judiciary Law § 295). In any event, defendant suffered no prejudice because the audiotapes are the best evidence and were received into evidence. Thus, they were available for review.

The contention of defendant that he was deprived of a fair trial when the prosecutor referred to him as a "rat" during summation is not preserved for our review (*see,* CPL 470.05 [2]). Were we to exercise our discretion to review that contention in the interest of justice (*see,* CPL 470.15 [6] [a]), we would conclude that it lacks merit. The prosecutor's remarks were in response to defense counsel's summation, wherein defense counsel referred to the People's witness as a rat (*see, People v Kyler*, 191 AD2d 1029, *lv denied* 81 NY2d 1015). Although we do not condone such remarks, we conclude that, under the circumstances, they were not so egregious as to deprive defendant of a fair trial (*see, People v Johnson*, 213 AD2d 791, 795, *lv denied* 85 NY2d 975). We also reject defendant's contention that reversal is required because, on redirect examination of a witness, the prosecutor implied that the witness had placed

himself in danger by testifying (*cf., People v Rudd*, 125 AD2d 422, 425). Taken in context, the prosecutor's questions did not imply that the witness was in danger from defendant.

The court did not abuse its discretion in denying the request of defendant for an interested witness charge with respect to the confidential informant. "There is no requirement that a trial court instruct the jury that the prosecution's witnesses are interested as a matter of law" (*People v Suarez,* 125 AD2d 350, *lv denied* 69 NY2d 750). The court properly instructed the jury that, if it determined that a prosecution witness was an interested witness, it could consider that interest in evaluating the witness's credibility and in determining the weight to accord the witness's testimony (*see, People v Agosto,* 73 NY2d 963, 967; *People v Walker,* 222 AD2d 1121, *lv denied* 88 NY2d 887; *People v Cullen,* 175 AD2d 658, 659, *lv denied* 78 NY2d 1010).

The contention of defendant that the court violated CPL 380.50 (1) at sentencing by permitting the prosecutor to speak last and by failing to provide defendant with an opportunity to respond to the prosecutor's negative comments is not preserved for our review (*see,* CPL 470.05 [2]; *People v Parmeter,* 238 AD2d 811). In any event, the court substantially complied with the allocution requirements of the statute, which is all that is required (*see, People v McClain,* 35 NY2d 483, 491-492, *cert denied sub nom. Taylor v New York,* 423 US 852; *People v Walker,* 228 AD2d 798, 800, *lv denied* 88 NY2d 1072).

Although the consecutive sentences imposed are legally permissible because the convictions stem from separate and distinct acts (*see,* Penal Law § 70.25 [2]; *People v Acevedo,* 176 AD2d 886, 887, *lv denied* 79 NY2d 823), the aggregate term of 50 to 150 years violates the statutory maximum (*see,* Penal Law § 70.30 [1] [e]). The aggregate maximum term of defendant's sentence, however, is deemed by operation of law to be 30 years and the aggregate minimum term to be 15 years; therefore, there is no reason to modify the judgment (*see, People v Moore,* 61 NY2d 575, 578; *People v Deyo,* 222 AD2d 757; *People v Ramos,* 208 AD2d 1052, 1053-1054, *lv denied* 85 NY2d 913, 86 NY2d 739; *People v Strong,* 172 AD2d 1059).

In light of defendant's pattern of activity as a drug dealer, the maximum term of the aggregate sentence, as reduced by operation of law, is neither unduly harsh nor severe. Finally, the contention of defendant that his sentence violates his right to equal protection because other drug offenders have received lesser sentences is unpreserved for our review and, in any event, is without merit (*see, People v Silva,* 220 AD2d 230, 231,

*lv denied* 87 NY2d 977). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.