■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ROSTICK, Appellant. [666 NYS2d 235] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 3, 1994, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On February 1, 1994, a confidential informant made a controlled buy of a quantity of crack cocaine from defendant. The transaction was arranged by Investigators David Donlon and John Cannon of the City of Watervliet Police Department in Albany County, who supplied the informant with $100 in serialized buy money and fitted him with a body wire and radio transmitter. The police officers positioned themselves in a nearby vehicle, from which they were able to observe the transaction and hear the transmitted audio signal on an external speaker installed in their car. Donlon and Cannon also videotaped the drug transaction, with the video camera picking up the sound from the car speaker. Convicted after trial of criminal sale of a controlled substance in the third degree and sentenced as a second felony offender to a prison term of 12½ to 25 years, defendant appeals.

We affirm. Initially, we are unpersuaded that, due to claimed audibility problems, County Court erred in its determination to permit the jury to view and listen to the videotape of the drug transaction. The determination of the audibility of the recording was a preliminary issue to be determined by County Court in the exercise of its discretion (*see, People v Mitchell,* 220 AD2d 813, 814, *lv denied* 87 NY2d 905; *People v Watson,* 172 AD2d 882, 883; *see also, People v Lubow,* 29 NY2d 58, 68). County Court conducted an audibility hearing and determined that "a considerable portion" of the videotape could be heard; based upon our own review of the videotape, we concur in that determination. Although a small portion of the audio is difficult to comprehend, the majority of the tape is audible and we perceive no realistic danger that the jury would be inclined to speculate as to the meaning of the sounds (*see, People v Beasley,* 98 AD2d 946, *affd* 62 NY2d 767).

Nor are we persuaded that County Court committed prejudicial error in permitting the People to recall Donlon following the testimony of a State Police Scientific Laboratory forensic

scientist, but prior to the conclusion of the People's case, in order to clear up an inconsistency in the evidence concerning the weight of the cocaine. CPL 260.30, which provides for the order of trial in criminal cases, "is not a rigid framework; the trial court retains its common-law discretionary power to alter the order of proof" up until the time the case is presented to the jury (*People v Hinkley*, 178 AD2d 800, *lv denied* 79 NY2d 948; *see, People v Olsen*, 34 NY2d 349, 353). The trial court's power to control the case is not reviewable absent a clear abuse of discretion (*see, Matter of Hover v Shear*, 232 AD2d 749, 750, *lv dismissed and lv denied* 89 NY2d 964; *see also, Feldsberg v Nitschke*, 49 NY2d 636, 643). As noted, at the time of the recall the People had not yet rested and, far from diverting the jury's attention from a material issue in the case, Donlon's explanation for the discrepancy (a misplaced decimal point on his report) served to permit the jury to focus on the central issue of the weight of the drug that was taken into possession following the sale (*see, Feldsberg v Nitschke, supra*, at 643-644).

Finally, in view of defendant's background and criminal history, we conclude that County Court did not err in sentencing him to the longest legally permissible prison term (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805; *People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906; *People v Donato*, 112 AD2d 535, *lv denied* 66 NY2d 918).

Defendant's remaining contentions have been considered and also found to be lacking in merit.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.