■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK MCALLISTER, Appellant. [694 NYS2d 755] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 29, 1998, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erroneously admitted a portion of a tape recording of the complainant's conversation with a 911 police emergency telephone operator is not preserved for appellate review, since the defendant never objected to the admission of the tape recording on the specific ground that he raises on this appeal (*see, People v Dingle,* 245 AD2d 386; *People v Saladana,* 208 AD2d 872).

The playing by the prosecutor, during summation, of another portion of the tape recording to rebut the alibi testimony of a defense witness regarding the time the defendant left her apartment was not error. The tape recording, with the exception of the portion containing that witness's voice, had previously been admitted into evidence.

The trial court did not improvidently exercise its discretion in denying the defendant's request for adjudication as a youthful offender (*see, People v Ortega,* 114 AD2d 912; *People v Massa,* 93 AD2d 926; *People v Williams,* 78 AD2d 642). Furthermore, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., H. Miller and Smith, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, on the law, and to order a new trial, with the following memorandum: The defendant was allegedly one of about 10 people who attacked the complainant in the early morning hours of March 30, 1997. The complainant was hit in the face and head. He kept his head down and covered his face during the course of the assault. However, he claims that he was able to see the defendant's face as the defendant went through his back pockets. The perpetrators took hundreds of dollars in cash, as well as numerous items of jewelry, from the complainant. After the perpetrators fled, the complainant returned to a friend's apartment, where a female was already reporting the crime to a 911 police emergency telephone operator. The complainant also spoke to the operator, and described the perpetrators to the police.

Approximately 15 to 20 minutes later, the police canvassed the neighborhood with the complainant in a police car. The complainant pointed out the defendant, who was placed under arrest. The police recovered $24 from the defendant. The arresting officer acknowledged at the trial that there was no way to connect the $24 to the crime, and that the $24 could have come from "anywhere". None of the complainant's jewelry or other identifiable items of personal property were recovered.

The complainant noted that when the defendant was arrested, most of the clothing he was wearing was different than the clothing he was wearing at the time of the crime. However, the defendant was still wearing the same hat he was wearing at the time of the crime. .

At the trial, the People, over objection, submitted in evidence a portion of the tape recording of the conversation with the 911 police emergency telephone operator, containing the "male voice" of the complainant describing the perpetrators. That description included a reference to the camouflage hat. The People argued that that conversation constituted a "present sense impression". The court agreed that the conversation was a present sense impression, and admitted in evidence "that portion of the 911 tape where [the complainant] is talking to the 911 operator". That portion of the tape was played in open court.

On appeal, the People correctly concede that the complainant's conversation with the operator was not a present sense impression (*see, People v Vasquez*, 88 NY2d 561). My colleagues find that the issue is unpreserved for appellate review, because the defendant never objected "on the specific ground that he raises on this appeal". However, the People's specific application and the court's equally specific ruling were sufficient to preserve the issue for appeal (*cf., People v Rosen*, 81 NY2d 237, 245; *People v Mezon*, 80 NY2d 155; CPL 470.05 [2]). Accordingly, the question of the admissibility of the complainant's conversation with the operator is properly before us.

. The identification testimony cannot be deemed overwhelming evidence of the defendant's guilt (*see, People v Crimmins*, 36 NY2d 230, 241). Indeed, it appears that the complainant may have based his identification on the camouflage hat. Accordingly, the introduction of the complainant's reference to the camouflage hat in the conversation with the operator cannot be deemed harmless error.

Additional error occurred in the People's summation, when the prosecutor, over objection, referred to a portion of the tape-recorded conversation with the operator which was never admitted in evidence to establish that the telephone call was made at a time which was inconsistent with the defendant's alibi.defense. Upon the defendant's objection, the trial court acknowledged that his ruling on the admissibility of the tape was not "absolutely clear", but held that "[i]t was not the intention of the court to redact matters which were not argued". The defense counsel asked for an opportunity to respond to the new evidence, but his request was denied. Thereafter, the prosecu-

tor was permitted to play the new portion of the tape to the jury as part of his summation. Thus, the prosecutor not only referred in his summation to matters not in evidence, he was permitted to introduce new evidence as part of his summation, while the defense counsel was denied any opportunity to respond. This conduct clearly deprived the defendant of a fair trial (*see, People v Brown,* 256 AD2d 414).

In view of the foregoing, the judgment appealed from must be reversed and a new trial ordered.