■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WILLIAMS, JR., Appellant. [722 NYS2d 683] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of various drug-related offenses. Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant contends that the People failed to establish an adequate foundation for the admissibility of the audiotapes because he was not properly identified on the tapes. We disagree. The testimony of two police officers identifying defendant's voice on the tapes provided an adequate foundation (*see, People v Rendon,* 273 AD2d 616, 618-619; *People v Godley,* 130 AD2d 791, 793, *lv denied* 70 NY2d 750; *see generally, People v Ely,* 68 NY2d 520, 527-528). Defendant contends that he was prejudiced by the identification testimony of those officers because the jury would believe that the officers were familiar with defendant from drug-related activities. Although those officers were narcotics officers, their testimony did not indicate that they were familiar with defendant from any drug-related activities and thus defendant was not prejudiced. Defendant further contends that Supreme Court erred in allowing transcripts of the audiotapes in evidence. Once the audibility of an audiotape is established, it is within the trial court's discretion whether to admit transcripts as an aid to the jury (*see, People v Warner,* 126 AD2d 788, 789, *lv denied* 69 NY2d 887). Here, defendant does not contend that the audiotapes were inaudible, and we conclude that the court did not abuse its discretion in allowing the jury to use the transcripts of the audiotapes as an aid while listening to them (*see, People v Martino,* 244 AD2d 875, *lv denied* 92 NY2d 1035, 93 NY2d 855; *People v Gkanios,* 199 AD2d 411, *lv denied* 83 NY2d 805). Contrary to defendant's contention, the court was not required to have an independent third party prepare transcripts from the audiotapes (*see, People v Reynolds,* 192 AD2d 320, 321, *lv denied* 81 NY2d 1079; *People v Watson,* 172 AD2d 882, 883).

Defendant failed to preserve for our review his contention that he was not provided with notice of the voice identifications pursuant to CPL 710.30 (*see,* CPL 470.05 [2]). In any event, such notice was not required where, as here, the identifications by the officers were merely confirmatory (*see, People v Deleon,*

273 AD2d 27, 28, *lv denied* 95 NY2d 933; *People v Van Wallendael,* 259 AD2d 716, *lv denied* 93 NY2d 903; *People v Rodriquez,* 247 AD2d 841, 842, *lv denied* 91 NY2d 977). The prosecutor's use of a chart during summation did not deprive defendant of a fair trial (*see, People v Smith,* 209 AD2d 996, 997, *lv denied* 85 NY2d 914; *see generally, People v Potter,* 255 AD2d 763, 767).

We reject the contention of defendant that he received ineffective assistance of counsel. Defendant failed to establish that he was prejudiced by defense counsel's failure to move to suppress the audiotapes or to sever his trial from that of his codefendants (*see, People v Eldridge,* 224 AD2d 983, 984). The court advised defendant and his codefendants that multiple motions were not necessary, and the court reviewed the issues of suppression and severance and denied all motions relating to those issues. In addition, defendant's "simple disagreement" with defense counsel's trial strategies does not constitute ineffective assistance of counsel (*People v Rivera,* 71 NY2d 705, 709).

Defendant was not denied a fair trial by prosecutorial misconduct during summation. Many of the alleged instances of misconduct are unpreserved for our review (*see,* CPL 470.05 [2]), and the remaining alleged instances were fair response to defense counsel's comments on summation regarding the credibility of the witnesses (*see, People v Halm,* 81 NY2d 819, 821; *People v Pepe,* 259 AD2d 949, 950, *lv denied* 93 NY2d 1024). Finally, the aggregate sentence of 27½ years to life imprisonment, which is less than the maximum allowed, is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.