■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ROSNER, Appellant. [874 NYS2d 820]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sher, J.), rendered May 2, 2007, convicting him of harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions, in effect, that the People failed to present legally sufficient evidence to disprove his justification defense and to establish that he intended to harass, annoy, and/or alarm the complainant are unpreserved for appellate review (*see* CPL 470.05; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Hawkins*, 11 NY3d 484 [2008]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting an audiotape recording of the subject incident into evidence (*see People v Williams*, 208 AD2d 662 [1994]; *People v Morgan*, 175 AD2d 930, 932 [1991]). The defendant's contentions on appeal that the trial court should have excluded the tape from evidence because it was the product of illegal eavesdropping and because it contained inadmissible hearsay statements are unpreserved for appellate review (*see People v McAllister*, 264 AD2d 742, 743 [1999]).

The defendant's contention that he was denied his right to a fair trial is without merit.

To the extent the defendant's claim that he was denied his right to effective assistance of counsel is reviewable on the record before us (*see People v Langhorne*, 177 AD2d 713 [1991]), we find that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contention is without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.