■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOPKINS, Appellant.—Judgment affirmed. Memorandum: Defendant was not denied his constitutional and statutory right "to a particular jury chosen according to law, in whose selection he has a voice" *(People v Ivery,* 96 AD2d 712; *see also, People v Wilson,* 106 AD2d 146). The court has limited authority to dismiss a sworn juror if the juror "becomes unable to serve by reason of illness or other incapacity" (CPL 270.15 [3]). The trial court did not abuse its discretion when it dismissed a sworn juror during jury selection. The juror stated on the record that she experienced difficulty in breathing when she was exposed to smoke in the jury deliberation room. Her allergic reaction to the smoke was sufficient to constitute an illness or incapacity rendering her unable to serve. Defendant's argument that the court was obliged to enforce the smoking ban in the Monroe County Sanitary Code *(see,* Monroe County Sanitary Code art VI) is unpersuasive. A jury deliberation room can hardly be characterized as a room "open to the public" so as to come within the Code.

Defendant's remaining claims lack merit. The court properly denied defendant's motion to suppress physical evidence and statements because probable cause for his arrest was demonstrated *(see, People v Lypka,* 36 NY2d 210). The testimony of defendant's accomplice is supported by independent corroborative evidence which tended to connect defendant with the crime *(see,* CPL 60.22 [1]; *People v Moses,* 63 NY2d 299, 306). Defense counsel's failure to request an alibi charge did not deny defendant meaningful representation *(see, People*

*v Baldi,* 54 NY2d 137, 147). The denial of defendant's request for a continuance is not preserved for review *(see,* CPL 470.05 [2]), and we decline to review the alleged error in the interest of justice. Finally, the prosecutor's peremptory challenges did not deny defendant a fair trial since the prosecutor proffered legally specific, race-neutral reasons for excusing the black juror *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420).

All concur, except Doerr and Davis, JJ., who dissent and vote to reverse the judgment and grant a new trial, in the following memorandum.

Doerr and Davis, JJ. (dissenting). We respectfully dissent. In our view, defendant's constitutional and statutory rights to a jury trial were violated when the court dismissed a sworn juror without defendant's consent. CPL 270.15 (3) provides that, although jury selection has not yet been completed, a sworn juror may be dismissed only if she becomes unable to serve "by reason of illness or other incapacity" *(see, People v Wilson,* 106 AD2d 146). Here, a sworn juror indicated to the court that she had a "problem" with cigarette smoke in the jury room. She indicated that she "cannot breathe when there is smoke around". She stated further that "if they're going to smoke during deliberations, I should be excused." Based only upon these statements, the court dismissed this sworn juror.

In our view, these statements are insufficient to support the conclusion that this sworn juror had become unable to serve "by reason of illness or other incapacity" (CPL 270.15 [3]), particularly in this case, when immediately following the dismissal of this sworn juror, the court informed the jury panel that smoking was not allowed in the jury room. Further, the conclusion reached by the majority, that this juror was allergic to cigarette smoke, has no support in the record. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—robbery, second degree.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.