■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BOLLING, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 18, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of 4½ to 9 years and imposing a $100 surcharge, unanimously affirmed.

Defendant was arrested during a "buy-and-bust" operation. He contends that testimony bolstering the undercover's confirmatory identification of him was improperly admitted twice. The first time occurred when Officer Prince testified that Officer Donovan "transmitted positive ID" of the defendant to the backup teams. This was not objected to and therefore not preserved for appellate review. (CPL 470.05.) Were we to reach it in the interests of justice, we would find it to be harmless error. *(People v Burgess,* 66 AD2d 667.) The second instance was when Officer Williamson testified that he entered the park and was looking for "a male black in a maroon T-shirt, blue jeans and black shoes." This did not constitute bolstering but was background information to explain how and why the officer arrived at the scene. *(People v Candelario,* 156 AD2d 191.)

Defendant failed to establish a prima facie showing that the prosecutor exercised his peremptory challenges in a purposefully discriminatory manner to exclude blacks from the jury. *(See, Batson v Kentucky,* 476 US 79; *People v Jenkins,* 145 AD2d 225, *mod* 75 NY2d 550.) Of the first six jurors sworn in, two were black. The final jury was composed of at least five blacks.

The chemist's expert testimony that the substance recovered contained crack was properly admitted. The general rule is that an expert's opinion must rest on facts in evidence or personally known and testified to by the expert. *(People v Jones,* 73 NY2d 427, 430.) While the chemist did not actually

prepare the reagents she did test them before using them against standards provided to her. The chemist testified that her opinion was based on a combination of the several tests she performed. Where the expert's testimony is based on a series of tests the failure to establish the accuracy of the standard does not necessarily render the evidence incompetent. *(People v Gonzalez, 127 AD2d 787.)* Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.