■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GUILLORY, Appellant.—Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered November 22, 1988, convicting defendant of two counts of robbery in the second degree and sentencing him, as a predicate felon, to concurrent indeterminate terms of from 6 to 12 years, unanimously affirmed.

Complainant, who was in town on business, went to a movie theatre, and was confronted by defendant and codefendant as he was about to leave the lower lobby men's room. He was placed in a chokehold as his wallet was taken from his pocket. Complainant was able to hold codefendant as defendant fled.

However, defendant was forced back into the bathroom by an approaching officer, who had been alerted to the crime by another patron who quickly left the bathroom when the altercation began. Complainant recovered his wallet and noticed that his money was missing.

The trial court properly concluded that defendant had failed to establish a prima facie showing that the prosecution, in violation of *Batson v Kentucky* (476 US 79), was using peremptory challenges to strike members of defendant's race from the jury. The prosecution's use of three out of nine peremptory challenges to exclude blacks was facially insufficient *(People v Bolling,* 166 AD2d 203). Nor may defendant enlarge the cognizable group of those allegedly excluded to include Hispanics where the record is silent as to the race or national origin of the excluded jurors.

The trial court properly declined to impose a sanction for the alleged failure to retain possession of the wallet as evidence, since the record does not support of the view that the officers had ever taken possession of the evidence which was, in any event, produced at trial *(cf., People v Kelly,* 62 NY2d 516).

A missing witness charge as to police officers who arrived on the scene was not warranted, since it was not shown that they could have been expected to give material, noncumulative testimony *(People v Gonzalez,* 68 NY2d 424). As to the statement of a juror who expressed sympathy for the complainant, it was not demonstrated that the juror either predetermined defendant's guilt, or that there existed any other impropriety *(see generally, People v Brown,* 48 NY2d 388). Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.