■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS BERRIOS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 18, 1989, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), robbery in the first degree, criminal possession of a weapon in the fourth degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the court's discharge of a sworn juror was improper and that reversal and a new trial is therefore warranted. During the course of the trial, it had come to the court's attention that juror Number 2 had complained that he was suffering from asthma and that he could not remain with the other jurors when they smoked. When the court investigated the complaint, it discovered that this juror had been very abusive toward other jurors and that the entire jury had to tell him to stop screaming and cursing. Moreover, juror Number 2 refused to remain in the areas designated for the jury, and court officers had observed him leaving the jury room and wandering off into areas where the jurors were not allowed to go. Juror Number 2 had threatened to walk out, and when a court officer told him he could not do that, he replied that the court officer would have to handcuff him. Under these circumstances, it was not an improvident exercise of discretion to discharge the juror *(see,* CPL 270.15 [3]; *People v Hopkins,* 161 AD2d 1183, *affd* 76 NY2d 872; *see also, People v Clarke,* 168 AD2d 686).

As conceded by the People, the conviction of assault in the third degree should be set aside based on the People's failure to establish the element of physical injury (Penal Law § 120.00 [1]). However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of the other charges. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to these charges was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.