■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ROMAN, Appellant.—Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J., at suppression hearing; Dorothy Cropper, J., at trial), rendered November 7, 1990, convicting defendant, after a jury trial, of two counts of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of imprisonment of 10 to 20 years, 5 to 10 years, and 3½ to 7 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable infer-

ence *(People v Malizia,* 62 NY2d 755, *lv denied* 469 US 932), the eyewitness testimony naming defendant as one of the knife-wielding robbers was sufficient as a matter of law to establish defendant's guilt of each of the elements of the counts charged *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979).* The court's *Sandoval* compromise limiting the prosecution's cross-examination of defendant to whether he had been convicted of two misdemeanors and two felonies was a proper balancing of the probative value of such evidence against the risk of unfair prejudice to defendant *(People v Sandoval,* 34 NY2d 371, 375), and we reject defendant's argument that the court abused its discretion by permitting inquiry into too many of defendant's prior convictions *(see, People v Coe,* 165 AD2d 721). Concerning the comment by one of the jurors to another juror questioning the accuracy of the translation, the inquiry conducted by the court was adequate to determine that there had been no premature deliberations or predetermination of guilt *(People v Guillory,* 168 AD2d 357, *lv denied* 77 NY2d 961), and that the comments "were not lengthy discussions but merely terse asides." *(People v Horney,* 112 AD2d 841, 843.) Nor did the court err in refusing the jury's request to "hear" the original police robbery report, the report in question not being in evidence *(People v Velasco,* 160 AD2d 170, *affd* 77 NY2d 469). Finally, the court did not abuse its sentencing discretion *(People v Farrar,* 52 NY2d 302, 305). Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.