■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MINNIFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree burglary, petit larceny, and fifth degree criminal possession of stolen property, defendant's primary contention is that the court erred in refusing to impose the sanction of preclusion as a consequence of the People's failure to preserve evidence. It appears that stolen jewelry circumstantially linked to the break-in and theft was lost before trial. As a sanction for that loss of evidence, the court charged the jury, in accordance with Penal Law § 450.10 (10), that it could consider the People's "failure to produce the items in determining the weight or importance which you give to such evidence".

The court did not abuse its discretion in giving an adverse inference instruction rather than imposing the drastic remedy of preclusion (see, People v Kelly, 62 NY2d 516, 521; People v Haupt, 128 AD2d 172, affd 71 NY2d 929). The gravamen of the charge was that defendant stole and criminally possessed the victim's "property", including both the jewelry in question and a television set that an eyewitness saw defendant carry from the victim's house. Because the testimony concerning defendant's theft of the television set is alone sufficient to support the conviction, and because inspection of the jewelry would merely have "confirmed" that it was "property", the loss of jewelry did not greatly prejudice the defense and was relatively insignificant to the outcome of the case.

Similarly, there is no merit to defendant's contention that the court erred in instructing the jury that it could infer guilty knowledge from proof that the codefendants were in unexplained, recent, and exclusive possession of stolen prop-

erty. Contrary to defendant's assertion, the record contains direct evidence of defendant's actual possession of stolen property, and such evidence warranted the charge given by the court. (Appeal from Judgment of Erie County Court, Drury, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.