◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWNON BOLDEN, Appellant. [602 NYS2d 212] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered November 13, 1990, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the court erred in its rulings permitting in-court identification by eyewitnesses Wagner and McIntosh. At the pretrial *Wade* hearing, the court properly found that the lineup from which Wagner selected the defendant had been fairly conducted, but that the lineup identification should be suppressed based

solely on the unlawful detention of the defendant by the police. Accordingly, in the absence of any proof of suggestiveness, the defendant was not entitled to a further inquiry to ascertain whether Wagner had an independent source for making an in-court identification *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). Moreover, the defendant did not object to the court's procedure of permitting the distinct issue of Wagner's prior familiarity with the defendant to be fully explored at trial *(cf., People v Rodriguez,* 79 NY2d 445; *People v Williamson,* 79 NY2d 799), and the resulting testimony demonstrated that Wagner knew the defendant by name from previous encounters. Thus, the evidence established that Wagner's identification was confirmatory, thereby further obviating any purported need for an independent source determination.

Similarly, the court's refusal to reopen the *Wade* hearing in order to further explore the confirmatory nature of the identification by eyewitness McIntosh did not constitute error. The court's determination that the identification by McIntosh was confirmatory was supported by the hearing testimony and was not undermined by the evidence proffered by the defendant's counsel. Hence, the court acted within its discretion in declining to reopen the hearing.

Additionally, the defendant's contention that the court erred in discharging a sworn juror is without merit. The record demonstrates that the court properly engaged in a thorough and searching inquiry of the juror *(see, People v Buford,* 69 NY2d 290) and correctly discharged her as being "grossly unqualified" (CPL 270.35) based upon the juror's candid and unequivocal admissions that job-related concerns would prevent her from giving her undivided attention to the case and would imperil her ability to decide the matter in a fair and impartial manner *(see, People v Rodriguez,* 71 NY2d 214; *People v Williams,* 181 AD2d 845).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit for the reasons set forth in our determination of his codefendant's appeal *(see, People v Rodriguez,* 197 AD2d 546 [decided herewith]). Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.