OPINION OF THE COURT
David Friedman, J.
Defendant was arrested during the early morning hours of April 19, 1993 while driving a stolen vehicle. A search incident to the arrest resulted in the registration and insurance identification for the vehicle being recovered from the pocket of defendant. The key to the vehicle was recovered from the ignition.
Within a day of the arrest the automobile, key, registration and insurance identification were returned to the complainant. While the automobile was extensively photographed before its return, the other items were returned without any copies being made. Hence as the trial of this proceeding commenced and before opening statements were delivered, the defendant orally moved to impose sanctions on the People for noncompliance with Penal Law § 450.10. This statute sets forth the procedures to be followed when the police or District Attorney dispose of stolen property and generally provides that before the stolen property may be released the defendant must be notified and afforded an opportunity to examine, photocopy and reproduce it (Penal Law § 450.10 [1], [2]).
Parenthetically, it should be noted that defendant’s motion was also directed at complainant’s interim license which had been recovered at the time of arrest. This too had been returned to the complainant without compliance with section 450.10. As to the key, registration and insurance identification, the People in opposing defendant’s motion were *357 able to produce the originals with an indication that witnesses could identify them as the items recovered from defendant. However, the People were unable to do the same for the interim license nor could they, as openings were to commence, demonstrate that there was a lack of prejudice to the defense from their failure to keep either the original or a copy of the interim license. Therefore, I precluded the People from introducing any evidence concerning the interim license or mentioning it in their opening.
Regarding the key, registration and insurance identification, the initial issue that defendant’s motion raised concerns the effect of paragraph (c) of subdivision (4) of section 450.10 on the conduct of the police and District Attorney. That subdivision states the following: "A motor vehicle alleged to have been stolen * * * which is in the custody of a police officer * * * or a district attorney, may be released expeditiously to its registered owner or the owner’s representative without prior notice to the defendant. Before such release, evidentiary photographs shall be taken of such motor vehicle.”
This provision while dealing with the return of a motor vehicle makes no reference to the return of a key or documentation, i.e., registration and insurance identification, that the police have recovered and which is necessary to the operation of a vehicle pursuant to Vehicle and Trafile Law § 312 (1) (b) and § 401 (4). The issue therefore evolves into whether paragraph (c) of subdivision (4) also applies to a key and documentation which one must have in order to use the motor vehicle. The statute, as indicated, does not address the issue.
The relaxation of the rules governing the return of stolen property, which is reflected by paragraph (c) of subdivision (4), was adopted in 1992 because of the legislative concern "that the owners of motor vehicles which had been stolen and then recovered were being victimized a second time by the delay, authorized by [section 450.10], in returning the motor vehicles to them” (Donnino, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 450.10, 1994 Pocket Part, at 95). Similar victimization obviously occurs if the motor vehicle is returned but the police or District Attorney delay return of the key or documents needed to use the vehicle. It stretches credulity to believe that the Legislature directed the expeditious return of a stolen motor vehicle to its owner without encompassing within such direction that there be an expeditious return of the key and documents needed to use the vehicle (McKinney’s Cons Laws of NY, Book *358 1, Statutes § 95). Hence, I conclude that when paragraph (c) of subdivision (4) provides for the expeditious return of the vehicle it necessarily includes a prompt return of the key, registration and insurance identification when the police or District Attorney are in possession of those items.
Such holding does not conclude the inquiry, however, in view of the fact that paragraph (c), in providing for the return of a motor vehicle, requires that pictures of the vehicle be taken before it is returned. By a parity of reasoning juxtaposed with the need to give consideration to the other provisions of section 450.10, it would seem incumbent upon the police or District Attorney to at least photocopy the key and documents and voucher such photostats before any release is made. The emergent issue therefore becomes the sanction, if any, warranted for a failure to make copies or otherwise comply with section 450.10.
That subject is governed by subdivision (10) of Penal Law § 450.10 which sets forth a several step procedure for dealing with noncompliance. If the People demonstrate that their noncompliance caused no prejudice to the defendant, no sanction is required (People v Byron, 171 AD2d 802, 803). If they fail to demonstrate that there is no prejudice, the sanctioning menu starts with an instruction to the jury that it may consider the failure to comply in determining the weight to be given to the evidence, that is an adverse inference charge (see, People v Minnifield, 182 AD2d 1064). The degree of prosecutorial fault is a factor to be considered but the overriding concern is with whether there has been prejudice to the defendant (People v Kelly, 62 NY2d 516, 520-521; People v Johnson, 114 AD2d 515). While subdivision (10) permits the imposition of other sanctions, it disallows the preclusion of otherwise admissible evidence unless the defendant shows that noncompliance with section 450.10 has caused him undue prejudice (cf., Matter of Nicomedes F., 177 AD2d 316).
At the time defendant brought to the court’s attention the People’s failure to give notice pursuant to section 450.10 and make copies of the registration and insurance identification, as well as the key, it seemed doubtful that there was any prejudice to the defendant since the originals were available (cf., People v Guillory, 168 AD2d 357, 358). Nor under the circumstances at bar, did defense allegations of possible tampering warrant judicial recognition since there was no factual support lending credence to the charge. Thus, preclusion or dismissal of the indictment seemed unwarranted.
*359 The threshold sanction subdivision (10) points to where a sanction is warranted, is an adverse inference charge. That the statute contemplates having the matter dealt with in the charge is an implicit recognition that the subject of prejudice may not necessarily be determined until such time as the parties are advised of the court’s charge (CPL 300.10 [4]).
In sum, where the sanction to be imposed on the People involves the question of what will be contained within the charge to the jury, subdivision (10) appears to permit the question of prejudice to the defense being determined after all the evidence is in and the parties have rested. On the other hand, where a sanction more severe than an adverse inference charge is needed, delay of a determination would in most instances be inappropriate.
Since, in the instant case, the sanction involved the charge, delay of a determination was permissible. In waiting to determine the issue until the parties were advised of the charge, it became apparent to me that the defense suffered no prejudice from the return of the registration, insurance identification and key. Moreover, the defendant failed to meaningfully show how prejudice may have resulted from the noncompliance. The originals were all produced, identified by witnesses familiar with them and a chain of custody established. As previously indicated, examination of the items failed to indicate any tampering. Accordingly, defendant’s motion for a sanction as to these three items must be denied.