■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE POLLARD, Appellant. [631 NYS2d 765] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered July 26, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. The facts have been considered and determined to have been established.

The defendant contends that the trial court improperly rejected defense counsel's reasons for peremptorily challenging two white jurors as pretextual. Based upon our reading of the record, we agree.

Determining whether a party has exercised peremptory challenges to strike potential jurors for reasons that implicate equal protection concerns is a three-step process. First, the movant must allege sufficient facts to raise an inference that the respondent has exercised peremptory challenges for discriminatory purposes. Second, if the requisite showing has been made, the burden shifts to the movant to articulate a gender-neutral or race-neutral explanation for striking the juror in question. Finally, the trial court must determine whether the proffered reasons are pretextual (see, People v Allen, 86 NY2d 101; see also, Hernandez v New York, 500 US 352; Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638, cert denied 498 US 824). The trial court is in the best position to determine if the reasons offered are neutral or merely pretextual (see, Hernandez v New York, supra; People v Dixon, 202 AD2d 12).

As to one prospective juror, defense counsel, in exercising a peremptory challenge, explained that she had previously served as a juror in a criminal case which, like the instant case, involved accessorial liability, and that she remembered the charge given in that case as to such liability. In denying the peremptory challenge, the court stated, "otherwise, all jurors who are in a murder case would not be able to sit on another murder case".

The trial court's determination was erroneous under the third step described in People v Allen (supra). Since all that is required is that the challenged party offer a gender-neutral or race-neutral explanation, that burden was met, and the explanation need not rise to the level of a challenge for cause (see, People v Allen, supra).

In light of our determination, we need not decide whether the reason proffered by defense counsel with regard to any other juror who was seated over his objection was pretextual (see, People v Benson, 184 AD2d 517).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not

against the weight of the evidence *(see,* CPL 470.15 [5]). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.