■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON RADTKE, Appellant. [631 NYS2d 763] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered November 24, 1992, convicting him of murder in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the trial court improperly dismissed Juror No. 12 during trial as "grossly unqualified" (CPL 270.35) because of his offensive body odor *(see, People v Radtke,* 155 Misc 2d 21). The standard for discharging a juror as grossly unqualified to serve under CPL 270.35 "is satisfied only 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298; *see, People v Bolden,* 197 AD2d 528; *People v Attanasio,* 191 AD2d 447, 448). No matter how unpleasant the dismissed juror's body odor, it cannot be said that it would prevent him from rendering an impartial verdict.

The trial court, however, properly dismissed Juror No. 12 for "misconduct of a substantial nature" (CPL 270.35). The record reveals that several jurors and alternates complained that Juror No. 12 had been continually mumbling to himself throughout the trial and in the jury room and slapping his hands on his legs during the trial testimony. Other jurors found this so distracting that it interfered with their ability to concentrate on the testimony. Moreover, Juror No. 12 clearly ignored the court's earlier instruction that he should not talk about the case aloud, even to himself. Thus, it was a proper exercise of discretion to remove Juror No. 12 *(see, People v Berrios,* 177 AD2d 493, 494; *People v Fox,* 172 AD2d 218, 219-220).

Also, the court properly denied the defendant's request for a subpoena duces tecum seeking in camera review of the file of the attorney who had represented the defendant's girlfriend and the victim's mother in a Family Court proceeding arising out of the same incident *(see, People v Radtke,* 155 Misc 2d 21, *supra).* Although the attorney-client privilege may yield in a proper case where strong public policy requires disclosure *(see, Matter of Priest v Hennessy,* 51 NY2d 62, 68-69; *Matter of Jacqueline F.,* 47 NY2d 215), the defendant's request was merely an attempt to obtain information in order to impeach the girlfriend's general credibility *(see, People v Gissendanner,* 48

NY2d 543, 548). Under such circumstances the material sought need not be revealed.

In light of the defendant's failure to request any relief at trial regarding the alleged *Rosario* violation, the defendant's claim in this regard is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Rogelio,* 79 NY2d 843; *People v Johnson,* 167 AD2d 422, 423).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.