■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAQUAN JENKINS, Appellant. [634 NYS2d 511] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered February 28, 1992, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the court's finding of a prima facie reverse-*Batson* pattern of purposeful discrimination, the defense counsel was asked to give a reason for her peremptory challenge to juror number 3. She indicated, "I didn't feel comfortable with him. First of all, being from Borough Park, to me that might be a neighborhood where he might be uncomfortable with my client * * * My understanding of it, and I believe because my client is black, that might lead to some problems * * * The neighborhood makes me uncomfortable * * * it is quite a white neighborhood". This explanation virtually defines purposeful exclusion based upon race. Accordingly, the trial court properly denied the peremptory challenge *(see, People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Allen,* 86 NY2d 101). ·

The trial court properly admitted testimony that the police arrested the defendant because he was in a stolen car, and not because of the robbery. This evidence "was relevant to the officer's motive for placing the defendant under arrest" *(People v*

*Muriell,* 128 AD2d 554, 555; *see, People v Catala,* 198 AD2d 293) and the court thoroughly instructed the jury as to the limited usage of the statement.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.