■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RODRIGUEZ, Appellant. [637 NYS2d 373] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered May 13, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of $7^1/3$ to 22 years and $2^1/3$ to 7 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. Defendant's claim that witnesses' identifications of him were unreliable was properly presented to the jury and we see no reason to disturb its verdict. Defendant failed to preserve his claim that there was legally insufficient evidence of first degree reckless endangerment and we decline to reach it in the interest of justice.

Defendant argues that the court failed meaningfully to respond to two jury notes. With respect to the first note, counsel never identified which pages of testimony were read to the jury. Thus, his claim is not reviewable (People v Olivo, 52 NY2d 309, 320). In any event, to the extent that the claim is reviewable, we find that the court reasonably interpreted the note, which requested, inter alia, the "description of all parties, of the defendant" to include the identifications of defendant by the witnesses to the crime and not the testimony of the arresting officer relating to the description of defendant at the time of his arrest, almost four months after the shooting (People v Almodovar, 62 NY2d 126, 131-132). Defendant's claim that the court erred in permitting a readback of testimony of one of the eyewitnesses that, inter alia, he could see defendant's face clearly even though defendant was wearing a hood is not preserved. Were we to reach it in the interest of justice, we would find that the court properly ruled that the testimony related to the description of defendant by one of the eyewitnesses. Defendant's claim regarding the court's refusal to provide the jury with a police report is not preserved, and, in any event, without merit since the report was not admitted into evidence

and therefore the jury was not entitled to see it (*People v Roman*, 182 AD2d 519, 520, *lv denied* 80 NY2d 837). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.