THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BLYDEN, Appellant. [640 NYS2d 131]

Contrary to the defendant's contention, the court properly denied the defense counsel's peremptory challenge to a white juror, finding that the proffered explanations therefor were pretextual *(see, Batson v Kentucky,* 476 US 79; *People v Allen,* 86 NY2d 101; *People v Richie,* 217 AD2d 84). The court's determination is entitled to great deference on appeal, and will not be disturbed where, as here, it is supported by the record *(see, People v Jenkins,* 221 AD2d 659; *People v Waldo,* 221 AD2d 390; *People v Rivera,* 220 AD2d 782; *People v Pollard,* 219 AD2d 737).

The defendant's contention that it was error not to disqualify the same juror after he was sworn is not preserved for appellate review, and, in any event, is without merit. Although the juror apparently sought to be excused from duty, his concerns were adequately addressed by the court, and he gave assurances that he understood the obligations of being a juror and that he would be fair and impartial *(see,* CPL 270.35, 270.15 [4]; *cf., People v Rodriguez,* 71 NY2d 214; *People v Bolden,* 197 AD2d 528).

Nor was it error not to hold an inquiry as to the fitness of a juror who appeared distraught when the court announced that it was suspending deliberations and sending the jurors to a hotel for the night. The court reasonably concluded that absent any communication from the juror in question or the other jurors, or any other indication that the juror was unqualified to continue serving, no inquiry was necessary at that time *(see, People v McIntyre,* 193 AD2d 626; *cf., People v Serrano,* 203 AD2d 99; *People v Bolden, supra).* Miller, J. P., Hart, Friedmann and Florio, JJ., concur. *[See,* 160 Misc 2d 355.]