OPINION OF THE COURT
Richard C. Giardino, J.
The defendant has moved this court for an order “precluding any state actor from assigning, encouraging, or permitting an inmate snitch * * * to exact a statement, confession and/or *552 admission from [defendant] about this case, without prior notice to defense counsel and an opportunity for counsel to [be] present.”
Defendant cites to the various rights guaranteed him under the United States Constitution and its Amendments, as well as the New York Constitution and the Civil Rights Law. Defendant argues once the right to counsel has attached, a defendant cannot incriminate himself unless his counsel is with him. By this motion, defendant seeks “to close the stable door before the horse escapes” by precluding unauthorized contact before it occurs.
The People term defendant’s request “premature”, arguing that issuance of a blanket order directing the People not to do any unlawful or improper act is beyond the court’s power. The People acknowledge that no statements can be elicited from defendant by the prosecution through interrogation by police or State agents (including jailhouse informants), but argue that any statement given by defendant to another inmate, not working as an agent for the State, is admissible. The People further contend that defendant’s remedy for any violations he feels may take place in obtaining statements from him is through hearings on the admissibility in evidence of those statements.
For the reasons set forth below, defendant’s motion is denied.
Preclusion is used as punishment for misconduct and/or negligence in the procurement of evidence. It is a last resort that should only be granted when there is a showing of prejudice (People v Bignall, 195 AD2d 997; see also, People v Emery, 159 AD2d 992).
Defendant has not alleged misconduct or negligence by the prosecution, which logically prevents him from showing prejudice resulting therefrom. While defendant discusses at some length the lack of reliability in testimony by “jailhouse snitches”, his argument and the authorities he cites go to the question of its admissibility. At this point, defendant neither points out, nor is this court aware of the existence of any such testimony. Discussion of its admissibility is thus premature.
As is pointed out by the People, defendant will have the opportunity to challenge the admissibility of any statements he feels the People have procured in violation of law through hearings held pursuant to Massiah v United States (377 US 201) and People v Cardona (41 NY2d 333), among others. Defendant’s concerns about the “self-serving snitch” not employed by *553 the People can be addressed via warnings to the jury about the credibility of such testimony (see, People v Minnifield, 182 AD2d 1064). In the final analysis, however, defendant’s attempt to preclude the procurement of statements is speculative at best, and thus simply lacks grounds.
The court’s conclusion is not altered by defendant’s reference to “the special need for reliability” in capital cases, for which he cites Johnson v Mississippi (486 US 578). Defendant has raised this issue using the term “heightened due process” on a previous motion still pending before this court. The conclusion reached by this court, after reviewing a host of cases including Johnson v Mississippi (supra) and People v Arthur (175 Misc 2d 742), is that Federal and New York case authorities provide no clear mandate for the application of a heightened due process standard. Any such standard, if shown to this court to exist, is restricted to those portions of this case that directly affect the sentencing decision ultimately made by the jury. Defendant’s current application, which raises issues to be determined at a later time, if they arise at all, does not fall into that category.
Defendant’s motion is denied.