■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANEY JENKINS, Appellant. [682 NYS2d 910] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 16, 1995, convicting him of manslaughter in the first degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the court's refusal to discharge a juror is unpreserved for appellate review (see, CPL 470.05 [2]; People v Jacobs, 223 AD2d 726, 727, citing People v Hopkins, 76 NY2d 872, 873). In any event, his contention is without merit. The standard for discharging a juror as grossly unqualified to serve under CPL 270.35 " 'is satisfied only "when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" ' " (People v Radtke, 219 AD2d 739, quoting People v Buford, 69 NY2d 290, 298; see, People v Bolden, 197 AD2d 528). Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in refusing to discharge the subject juror, as he was not grossly unqualified to serve (cf., People v Huntley, 237 AD2d 533, citing People v Rodriguez, 71 NY2d 214; People v Corrica, 237 AD2d 372).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80, 86). Santucci, J. P., Altman, Friedmann and Mc-Ginity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL A. LAMBRU, Appellant. [682 NYS2d 911] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered March 9, 1995, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.