THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TUZINOWSKI, Appellant. [706 NYS2d 908] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered October 15, 1997, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for renew the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The People did not meet their burden of establishing that the police officers' warrantless entry into the defendant's home was made with consent or was justified by exigent circumstances (*see, Payton v New York,* 445 US 573; *People v Levan,* 62 NY2d 139, 142). However, since the defendant's statements were sufficiently attenuated from his arrest (*see, People v Conyers,* 68 NY2d 982), that branch of the defendant's omnibus motion which was to suppress those statements was properly denied.

The defendant's contention regarding the court's refusal to discharge a juror as grossly unqualified is without merit. The standard under CPL 270.35 for discharging a juror as grossly unqualified to serve " 'is satisfied only "when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" ' " (*People v Radtke,* 219 AD2d 739, quoting *People v Buford,* 69 NY2d 290, 298; *see, People v Bolden,* 197 AD2d 528). Contrary to the defendant's contention, the court providently exercised its discretion in refusing to discharge the subject juror, as she was not grossly unqualified to serve (*cf., People v Huntley,* 237 AD2d 533; *People v Rodriguez,* 71 NY2d 214; *see, People v Corrica,* 237 AD2d 372). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.