■ In the Matter of FERRO, KUBA, BLOOM, MANGANO, GACOVINO & LAKE, P.C., Appellant. HERNAN GUERRERO et al., Respondents. [778 NYS2d 723]—

In a proceeding to quash a judicial subpoena duces tecum, the petitioner appeals, by permission, from an order of the County Court, Suffolk County (Hinrichs, J.), dated March 12, 2004, which denied its application to quash the subpoena and directed the production of the subpoenaed material for in camera inspection.

Ordered that the order is reversed, on the law, with costs, the application is granted, and the subpoena is quashed.

The petitioner's application to quash the subpoena duces tecum should have been granted. The materials requested by the subpoena are privileged communications made between an attorney and his client (*see* CPLR 4503 [a] [1]). Although the privilege may in certain circumstances yield to a strong public policy (*see Matter of Jacqueline F.,* 47 NY2d 215 [1979]), the respondents' factual allegations established that their request is merely a fishing expedition (*see People v Gissendanner,* 48 NY2d 543, 550 [1979]; *Matter of County of Nassau Police Dept. v Judge,* 237 AD2d 354 [1997]; *Matter of Suffolk County Med. Examiner v Guido,* 215 AD2d 705 [1995]). Disclosure is not warranted based only on speculation that some unspecified information will be found with which to impeach the complaining witness in the underlying criminal prosecution (*see People v Gissendanner, supra* at 549; *People v Radtke,* 219 AD2d 739 [1995]). Therefore, the trial court erred in directing the petitioner to turn over the subpoenaed materials for an in camera inspection.

The respondents' remaining contentions are without merit. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.