■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. IRVING BERKOWITZ, Respondent.— Application unanimously granted as modified, without costs. Memorandum: In this application by the State Division of Human Rights for an order of enforcement under section 298 of the Executive Law of its order of November 30, 1970 directed to respondent, it appears that respondent has made the payment of compensatory damages awarded to complainant but has failed to comply with the order in other respects. The Division has consented to the deletion of the last sentence (that is, the second sentence) in the paragraph designated " c " in the order and as so modified respondent agrees to comply with the order. The Division is entitled to the order of this court upon its order as thus modified. (Proceeding pursuant to section 298 Executive Law to modify and enforce order of Commissioner of Human Rights.) Present — Goldman, P. J., Del Vecchio, Witmer and Henry, JJ.

■ EDWARD F. O'BRIEN et al., Appellants-Respondents, v. ALBERT SKINNER, as Sheriff of Monroe County, et al., Respondents-Appellants.— Judgment unanimously modified by directing respondents Commissioners of Elections to register such of petitioners as shall be found to be qualified, and to issue absentee ballots to them, and as so modified affirmed, without costs. Memorandum: Petitioners, who are persons incarcerated in the Monroe County Jail awaiting trial because of their inability to make bail or serving sentences on convictions for misdemeanors, indicated their eligibility to register and vote and their desire to do so and filed their applications with the Commissioners of Elections on October 10, 1972 which was the last day for registration. The Commisisoners of Elections refused to register them. Section 117-a of the Election Law provides for absentee voting where a qualified voter may be unable to appear because of a physical disability. We believe that petitioners, being so confined, are physically disabled from voting and should be permitted to do so by casting absentee ballots. (Appeals from judgment of Monroe Special Term dismissing petition in article 78 proceeding based upon article 14 of the Election Law.) Present — Del Vecchio, J. P., Marsh, Moule and Henry, JJ. (Order entered Oct. 27, 1972.)

■ E. JAMES HICKEY, Esq. of Rochester appointed a Member of the Committee on Character and Fitness of Applicants for Admission to the Bar for the Seventh Judicial District.

## (November 30, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT J. BEAULIEU, Appellant.— Judgment unanimously affirmed. Memorandum: We note that the trial court's ruling, foreclosing the People from introducing through a rebuttal witness evidence contradictory of defendant's testimony and that of his character witnesses as to how he treated his and other children, was erroneous. It is well settled that once a defendant has introduced evidence of his good character, the prosecution may prove his bad character by cross-examining him and his witnesses and by calling rebuttal witnesses (*People* v. *Kass*, 25 N Y 2d 123; Richardson Evidence [9th ed.], §§ 156-158). In addition, the District Attorney's offer of rebuttal testimony had a reasonable basis and was made in good faith, and did not constitute error (*People* v. *Kass; supra*; *People* v. *Schwartzman*, 24 N Y 2d 241, 244). (Appeal from judgment of Onondaga County Court, convicting defendant of manslaughter, second degree.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.