■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN GANDY, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not err in admitting the tape and a transcript of a 911 call placed by the victim Cynthia Little during the incident. After the tape was played and the transcript was submitted to the jury, the court cautioned the jury that the transcript was merely an aid, that they were not bound to accept it, and that they must decide what was said on the tape. This was in all respects proper (see, People v Kuss, 81 AD2d 427, 430). The determination of whether to admit a tape recording is left to the discretion of the Trial Judge (see, People v Lubow, 29 NY2d 58, 68; People v Warner, 126 AD2d 788, lv denied 69 NY2d 887). We find no abuse of discretion in this case.

The court erred in permitting the People to cross-examine defendant's character witnesses concerning whether their opinions of defendant's reputation would change if they knew that defendant had committed the crimes at issue. This type of questioning is improper since it assumes the fact of defendant's guilt and tends to usurp the jury's function to determine defendant's guilt or innocence (see, People v Pryor, 70 AD2d 805, 806; People v Lopez, 67 AD2d 624, cert denied 444 US 827). The People concede the impropriety of such questioning, but argue that the error was harmless. We agree. In view of the jury's verdict acquitting defendant of one homicide charge with regard to Edward Gandy and also acquitting her of intentionally killing Cynthia Little, it is apparent that the jury credited defendant's testimony. Defendant has demonstrated no prejudice resulting from the improper cross-examination by the prosecutor.

We have reviewed defendant's remaining arguments and find them to be without merit. (Appeal from judgment of Monroe County Court, Connell, J.—manslaughter, first degree, and another charge.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.