THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSELMO SOTO, Appellant.—Judgment unanimously affirmed. Same memorandum as in *People v Soto* (163 AD2d 889 [No. 125] [decided herewith]). (Appeal from judgment of Oneida County Court, Buckley, J.—conspiracy, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMBERTO SOTO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant Humberto Soto's contention that the indictment must be dismissed because it was the product of a defective Grand Jury proceeding is without merit. Specifically, he claims that the indictment had been filed by a Grand Jury whose term had expired and had not been extended by court order *(see,* CPL 190.15 [1]). This issue has not been preserved for our review *(see,* CPL 210.20 [2]; 255.20; *People v Lawrence,* 64 NY2d 200). Were we to reach the issue, we would find that the claim has no merit. The record establishes that the Grand Jury had been legally constituted and extended by court order. Even if its term had not been extended, the failure to do so is only a technical error which would not result in dismissal unless there is a showing of prejudice and that the fundamental integrity of the Grand Jury process had been impaired *(see,* CPL 210.35 [5]; *People v Williams,* 73 NY2d 84, 90). There has been no such showing here.

The court did not err in denying defendants Anselmo Soto and Humberto Soto's request to cross-examine the court-ap-

pointed interpreters. The interpreters were examined on their qualifications in the presence of the jury and were cross-examined by defense counsel. There was no objection to their qualifications. Thereafter, transcripts of the tape-recorded conversations were prepared in the presence of and with the help of all parties. Despite this effort, defendants objected to the accuracy of the final transcripts. The transcripts were adjudged by the court to be sufficiently accurate to permit the jury to use them as an aid to understanding the tapes *(see, People v Gandy,* 152 AD2d 909, *lv denied* 74 NY2d 896; *People v Kuss,* 81 AD2d 427). The court cautioned the jury that they were to consider the transcripts only as an aid *(People v Gandy, supra)* and informed defense counsel that they would be afforded the opportunity to call the interpreters on their direct case and to present their own version of the transcript if they so desired *(see, People v Dessis-Carbuccia,* 145 AD2d 902, *lv denied* 74 NY2d 663). In fact, defendants called one of the interpreters as a witness on their direct case. Under the circumstances, the record does not support defendants' arguments that the court abused its discretion in submitting the transcripts to the jury and that their constitutional right to confront witnesses was violated.

We have examined defendants' remaining contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.