■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. SHAWCROSS, Appellant. (Appeal No. 2.) [596 NYS2d 622]—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that he was deprived of due process by the court's failure to inquire into the complaint of his expert witness that defense counsel had lied to her. The court was fully aware of the basis of that accusation as indicated by its remarks upon denying defendant's motion for a mistrial. The witness's reference to counsel having lied concerned whether a certain expert, Dr. Vernon Mark, had been hired by the defense to substantiate the witness's contention that defendant had suffered brain damage. As the trial court noted, before Dr. Mark was contacted, numerous tests had been performed and several neurologists and radiologists had been employed to determine whether defendant suffered from brain damage. Under the circumstances, the complaint of the witness concerning counsel's failure to employ another expert does not indicate that defendant was deprived of effective assistance of counsel, and the court providently determined not to inquire further. "A Judge should question an attorney's performance with caution, lest he interfere with counsel's legitimate strategy and intrude on the attorney/client relationship (see *United States v Decoster,* 624 F2d 196, 208)" *(People v Claudio,* 85 AD2d 245, 259, *affd* 59 NY2d 556).

Further, we cannot conclude that defendant was deprived of competent psychiatric assistance. At State expense, defendant was provided with "a competent psychiatrist who [did] conduct an appropriate examination and assist[ed] in evaluation, preparation, and presentation of the defense" *(Ake v Oklahoma,* 470 US 68, 83). The psychiatrist selected by defendant is an internationally recognized expert in the field of violent criminal behavior and possesses outstanding qualifications. She conducted appropriate and thorough examinations of defendant and assisted in the evaluation, preparation, and presentation of the defense. Moreover, numerous tests and evaluations were performed at her request concerning defendant's

mental condition and she consulted with several neurologists. The report of one neurologist, with whom she had frequently consulted in the past, was received in evidence. No fault can be found with the witness's presentation on direct examination. Under all of the circumstances, her loss of composure under vigorous cross-examination did not rise to the level of incompetent psychiatric assistance.

We find no error in the court's charge and supplemental charge on the defense of extreme emotional disturbance or in the court's refusal to charge in the language requested by defense counsel.

Defendant's presence at the argument of the omnibus motion was not required because that argument involved only questions of law (see, People v Velasco, 77 NY2d 469, 472). In any event, defendant knowingly and voluntarily waived his right to be present.

There is no merit to defendant's argument that CPL 300.10 (3) unconstitutionally restricts the court from instructing the jury about the consequences of a verdict of not guilty by reason of insanity. Before the enactment of CPL 300.10 (3), it was proper for the court to deny a request to instruct the jury concerning the consequences of a verdict of not guilty by reason of insanity (People v Adams, 26 NY2d 129, cert denied 399 US 931). CPL 300.10 (3) has changed that result, making it more favorable toward defendants, by permitting the court to inform the jury that a verdict of " 'not responsible by reason of mental disease or defect' " will not necessarily result in defendant's release, but that further proceedings may result in an involuntary commitment.

The court properly denied defendant's motion to suppress the incriminating statements he made to the police inasmuch as defendant voluntarily accompanied the police and was not in custody when he was questioned. Further, there is no showing in the record that defendant's statements were induced by threats or promises.

We reject defendant's argument that the court improperly precluded defense counsel from questioning the police witnesses concerning their states of mind during their interrogation of defendant. The test of whether a person is in custody is not the subjective intent of the police but "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (People v Yukl, 25 NY2d 585, 589, rearg denied 26 NY2d 883, cert denied 400 US 851).

Lastly, the court was not required to conduct an inquiry to

determine whether defendant knowingly waived his right to testify (see, *People v Doe,* 186 AD2d 1036, *lv denied* 80 NY2d 895; *see also, People v Dougherty,* 190 AD2d 989; *People v Davis,* 190 AD2d 987). (Appeal from Judgment of Monroe County Court, Wisner, J.—Murder, 2nd Degree.) Present— Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.