■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MANCINI, Appellants. [627 NYS2d 488] —Judgment unani-

mously reversed on the law and new trial granted. Memorandum: Defendant's conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). County Court properly denied the motion to suppress the statements defendant made to the child protective services investigator. The record supports the court's conclusion that defendant was not in custody when he made those statements (see, People v Yukl, 25 NY2d 585, 589, mot to amend remittitur denied 26 NY2d 845, 883, cert denied 400 US 851; People v Shawcross, 192 AD2d 1128, lv denied 82 NY2d 726).

We reject the contention of defendant that reversal is required either because the prosecutor failed to disclose alleged Brady material or because the prosecutor delayed in turning over Rosario material.

Reversal is required, however, because the court erred in permitting the People's character witness to testify on rebuttal about specific acts committed by defendant against her when she was a foster child in defendant's home during the 1960s. The acts testified to were much the same as those for which defendant was being tried. It is well established that when, as here, a defendant puts his character in issue by calling witnesses to testify about defendant's good reputation in the community for the particular trait involved in the crimes charged, the People may, in rebuttal, call a contradictory witness to testify, if it is the case, that defendant's reputation is otherwise (see, Richardson, Evidence §§ 151-152 [Prince 10th ed]; see also, People v Beaulieu, 40 AD2d 942). It is equally well established that a character witness may not testify to specific acts of a defendant and may not give his or her personal opinion of defendant's character based on personal knowledge (see, Richardson, Evidence, op. cit., § 151). "The witness is strictly limited to testimony concerning the defendant's reputation" (id., § 151; see, People v Van Gaasbeck, 189 NY 408). Here, the testimony of the People's rebuttal character witness was not so restricted. Moreover, the error is not subject to a harmless error analysis because the proof of defendant's guilt, without reference to the error, is not overwhelming (see, People v Crimmins, 36 NY2d 230, 241).

Lastly, in light of our determination, we do not address the contention of defendant that the sentence is either unduly harsh or severe. (Appeal from Judgment of Erie County Court, Rogowski, J.—Sodomy, 1st Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.