■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SANDINO, Appellant. [646 NYS2d 475] —Judgment unanimously reversed on the law and new trial granted on count two of indictment. Memorandum: County Court erred in permitting the People to impeach their own witness by questioning a police officer on a collateral matter, i.e., the voluntariness of a prior written statement given to the officer by the witness (*see,* CPL 60.35; *People v Urena*, 209 AD2d 196, *lv denied* 84 NY2d 1040; *People v Clark*, 195 AD2d 988). Despite defendant's failure to register a specific objection (*see,* CPL 470.05 [2]; *People v Hagi*, 169 AD2d 203, 213, *lv denied* 78 NY2d 1011), we nevertheless note that the People also improperly impeached another prosecution witness by eliciting testimony

from her concerning a prior inconsistent statement; the People's case had not been affirmatively damaged by the testimony of that witness (*see, People v Andre*, 185 AD2d 276, 277; *People v Brazzeal*, 172 AD2d 757, 759). Additionally, the court failed to issue the required limiting instruction (*see,* CPL 60.35 [2]), and, on summation, the prosecution improperly commented on the impeachment evidence. Because the sole evidence that defendant was the assailant was the inconsistent testimony of the victim, the proof of guilt was not overwhelming and harmless error analysis does not apply (*see, People v Crimmins*, 36 NY2d 230, 241; *People v Smith*, 225 AD2d 1030; *People v Mancini*, 213 AD2d 1038, 1039, *lv denied* 85 NY2d 976).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.