■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY CASWELL, Also Known as POOKIE, Appellant. [856 NYS2d 338]—

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant failed to preserve for our review his contention concerning the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject defendant's contention that the verdict is against the weight of the evidence, both with respect to credibility and the elements of the crimes (*see generally People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, County Court did not abuse its discretion in allowing the jury to view the

transcripts of two audio recordings prepared by police officers with respect to the alleged drug sales (*see People v Gandy*, 152 AD2d 909 [1989], *lv denied* 74 NY2d 896 [1989]). The court properly advised the jury that the transcripts were not necessarily accurate and that it was for the jury to determine what was said during the recorded conversations (*see id.*; *see also People v Hickey*, 284 AD2d 929 [2001], *lv denied* 97 NY2d 656 [2001]). The court also did not abuse its discretion in admitting the two audio recordings in evidence. The People laid a proper foundation for their admission inasmuch as a police officer testified that he listened to the transmitted conversations as they were being recorded, he later transferred the recorded conversations to the compact discs played for the jury, and he reviewed the recordings prior to trial to ensure that they were unaltered (*see generally People v Ely*, 68 NY2d 520, 527 [1986]).

The court properly denied defendant's request to present the testimony of a witness who allegedly would impeach the credibility of the confidential informant who, by the time of trial, had been identified. "It is well established that the party who is cross-examining a witness[, here, the informant,] cannot . . . call other witnesses to contradict [the informant's] answers concerning collateral matters solely for the purpose of impeaching [the informant's] credibility" (*People v Pavao*, 59 NY2d 282, 288-289 [1983]). By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Brown*, 39 AD3d 1207 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.