**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4280**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CARLOS SANTANA MORRIS,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:08-cr-00040-JLK-1)

─────────────

Submitted:  December 8, 2010          Decided:  January 3, 2011

─────────────

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John Weber, III, WEBERPEARSON, PC, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Santana Morris appeals his convictions, following a jury trial, for distribution of an unknown quantity of cocaine ("Count Three") and cocaine base ("Count Two" and "Count Four"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006); distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) ("Count Five"); use and carry of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) ("Count Six"); and being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006) ("Count Seven"). Morris was sentenced to 230 months' imprisonment, consisting of 110 months on Counts Two, Three, Four, Five, and Seven (concurrent), and 120 months on Count Six (consecutive).[*]

On appeal, Morris argues that (1) the district court abused its discretion in permitting the Government to show subtitled video recordings of the four controlled buys that formed the basis for his indictment; (2) the evidence of his guilt is legally insufficient; and (3) the district court abused

---

[*] Morris does not assert any argument pertaining to the sentence he received. Accordingly, that issue is not before the court for review. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

its discretion in denying his motion for a new trial. For the reasons that follow, we reject these arguments and affirm.

Morris first assigns error to the admission of the subtitled video recordings of the controlled buys. The use of subtitles for video recordings is tantamount to a transcript of the recording. This court reviews for abuse of discretion a district court's decision to allow a transcript to aid in the presentation of recorded evidence. United States v. Collazo, 732 F.2d 1200, 1203-04 (4th Cir. 1984).

We have reviewed the record and conclude there was no abuse of discretion in admitting the subtitled recordings. The officers who monitored the controlled buys and listened to the recorded conversations in real-time each testified that the transcription of those recordings was fair and accurate. Morris did not make any objections to specific inaccuracies in the subtitles, nor did he explore inaccuracies through cross-examination. United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995). Moreover, on appeal, Morris does not allege that any of the subtitles are inaccurate. United States v. Pratt, 351 F.3d 131, 140 (4th Cir. 2003) (rejecting contention of error based on admission of transcripts when defendant failed to identify a "material variance" between the recordings and the transcripts). Finally, the district court's instructions to the jury prevented any prejudice that may have resulted from any

3

discrepancies between the audio and the subtitles. See United States v. Brandon, 363 F.3d 341, 344-45 (4th Cir. 2004); Pratt, 351 F.3d at 140. Accordingly, we hold the district court did not abuse its discretion in allowing the subtitled recordings.

Morris' next argument, although framed in terms of the sufficiency of the Government's evidence, attacks the credibility of the confidential informant ("CI") used in the four controlled buys. Morris suggests the CI's testimony was inherently suspect because he was an admitted drug user, he worked as a paid informant, and he omitted relevant information from his report to the police. However, "it is well established that determinations of credibility are within the sole province of the jury and are not susceptible to judicial review." United States v. Kelly, 592 F.3d 586, 594 (4th Cir.) (internal quotation marks omitted), cert. denied, 130 S. Ct. 3374 (2010). The jury was apprised of the CI's drug use and his financial compensation by the police and was free to give his testimony the weight it deemed appropriate in light of these considerations. We simply will not review that credibility determination on appeal.

Finally, Morris challenges the district court's denial of his motion for a new trial. This court reviews the denial of a motion for a new trial for an abuse of discretion. United States v. Basham, 561 F.3d 302, 319 (4th Cir. 2009), cert.

4

denied, 130 S. Ct. 3353 (2010). Morris' motion was based on a juror's attempt to impeach the guilty verdict based on her concern, expressed for the first time after the verdict was returned, that the jury acted with undue haste. At best, the motion asserted that an influence internal to the process affected the jury's deliberations, and such allegations are insufficient to impeach a jury verdict. See Tanner v. United States, 483 U.S. 107, 119-27 (1987); see also Robinson v. Polk, 438 F.3d 350, 360 & n.11 (4th Cir. 2006) (explaining that courts may consider evidence relevant to whether "extraneous prejudicial information" entered into the deliberative process). Accordingly, we conclude the district court properly denied the motion for a new trial.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED