# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1369**
**KA 08-01359**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAKESHA JIMMESON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered April 16, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that Supreme Court erred in refusing to permit her to present evidence of a prior altercation involving defendant and the victim to demonstrate the character of defendant as well as that of the victim. We reject that contention. Character evidence " 'is strictly limited to testimony concerning the [party's] reputation' " in the community (*People v Mancini*, 213 AD2d 1038, 1039, *lv denied* 85 NY2d 976; *see People v Kuss*, 32 NY2d 436, 443, *rearg denied* 33 NY2d 644, *cert denied* 415 US 913), and thus "a character witness may not testify to specific acts" in order to establish character (*Mancini*, 213 AD2d at 1039; *see People v Ciccone*, 90 AD3d 1141, 1144, *lv denied* 19 NY3d 863). The court also properly refused to allow defendant to present evidence of the prior altercation in order to impeach the trial testimony of two prosecution witnesses. "It is well established that the party who is cross-examining a witness cannot . . . call other witnesses to contradict a witness' answers concerning collateral matters solely for the purposes of impeaching that witness' credibility" (*People v Pavao*, 59 NY2d 282, 288-289; *see People v Caswell*, 49 AD3d 1257, 1258, *lv denied* 11 NY3d 735). Finally, defendant failed to preserve for our review her present contention that evidence of the prior altercation was admissible to establish that she did not have a motive to assault the victim and that the two prosecution witnesses had a motive to

fabricate their trial testimony (*see* CPL 470.05 [2]; *People v Coapman*, 90 AD3d 1681, 1683, *lv denied* 18 NY3d 956).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court