Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered September 9, 2010. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him upon a jury verdict of conspiracy in the second degree (Penal Law § 105.15), defendant contends in his pro se supplemental brief that County Court erred in admitting in evidence a videotape of a conversation between defendant and an undercover investigator because the videotape included captions setting forth what the parties to the conversation were saying, and the People presented no evidence establishing how the captions came to be on the videotape. We reject that contention. Inasmuch as “[t]he use of subtitles [or captions] for video recordings is tantamount to a transcript of the recording” (United States v Morris, 406 Fed Appx 758, 759 [4th Cir 2011], cert denied 564 US 1029 [2011]), the captions were properly placed before the jury based on the investigator’s testimony that they fairly and accurately represented his conversation with defendant (see People v Robinson, 158 AD2d 628, 628-629 [2d Dept 1990]; see generally People v Lubow, 29 NY2d 58, 68 [1971]; People v Caswell, 49 AD3d 1257, 1257-1258 [4th Dept 2008], lv denied 11 NY3d 735 [2008]). We note that the court minimized any potential prejudice to defendant by instructing the jury that the captions were not evidence and were intended only to aid the jury in its review of the videotape (see generally People v Gandy, 152 AD2d 909, 909 [4th Dept 1989], lv denied 74 NY2d 896 [1989]). Contrary to defendant’s contention in his main brief, the sentence is not unduly harsh or severe. Finally, to the extent that defendant contends in his main brief that the sentence constitutes cruel and unusual punishment, we conclude that the sentence is not “ ‘grossly disproportionate to the crime’ ” (People v Thompson, 83 NY2d 477, 479 [1994]), and that his contention is therefore without merit.
 

 Present— Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.